Ernest M. SERIO, Plaintiff-Appellant,

v.

MEMBERS OF LOUISIANA STATE BOARD OF PARDONS, Howard Marsellus, Jr., et al., Defendants-Appellees.

No. 86–3759.

United States Court of Appeals, Fifth Circuit.

July 17, 1987.

Ernest M. Serio, pro se.

J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for defendants-appellees.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Ernest Serio, a state prisoner invoking 42 U.S.C. § 1983, seeks damages from members of the Louisiana State Board of Pardons in their individual and official capacities. Serio alleges that the Board denied him parole at least in substantial part because he had previously filed lawsuits against prison officials. In this manner, he contends, the Board violated his constitutional right to be free from retaliation for seeking access to the courts and his right to equal protection because others, who had been convicted of more heinous offenses, have been granted parole. As relief, he seeks punitive damages, a judgment declaring that the defendants violated both his right to equal protection and his first amendment right of access to the courts, and an order enjoining Board members from repeating this practice.

The district court dismissed the complaint as frivolous,[1] reasoning that: (1) the plaintiff had failed to allege a deprivation of federally protected rights; (2) there is no constitutionally protectible liberty interest in the expectancy of early release; and (3) to the extent the allegations sound in habeas corpus, the prisoner had failed to exhaust state remedies. On motion for reconsideration, the court found that the prisoner had alleged no facts showing that the Board "has a policy, or has taken action, against inmate counsel or paralegals for their assistance to other inmates," and that the allegations "are conclusory only." The court said further that there were no "allegations or facts indicating that the Board's remarks resulted in any curtailment or chilling of plaintiff's right to access to the

---

1. 28 U.S.C. § 1915(d) (1982).

courts." It therefore affirmed its prior judgment.

Although we find the complaint sufficient to state a claim, we affirm the dismissal of the claim for damages because it is barred by the defendants' immunity. The claims for injunctive relief, being, in effect, an attack on the propriety of a single defective hearing and seeking an earlier release from custody, cannot be asserted until state habeas corpus remedies are exhausted. We therefore reverse the judgment of dismissal with prejudice and remand for a determination whether a stay is necessary or whether dismissal without prejudice will adequately preserve those claims so that they may be pursued under § 1983 once habeas remedies have been exhausted.

## I.

■ The allegations of the complaint are sufficient to inform the court and the defendants of the factual basis on which it rests. Serio states that, during the parole board proceedings, the defendants declared that his law suits indicated his "refusal to accept authority." He further alleges that the Board's decision to deny his parole application is at least in part based on his litigiousness and that this fact is evidenced by the defendants' comments in the hearing record. He then alleges that the Board invoked the pretext of his failure to rehabilitate himself to deny him a parole privilege when in reality it was retaliating against him for being a "jailhouse lawyer."

This complaint is in marked contrast to the one we considered inadequate in *Hilliard v. Board of Pardons and Paroles.* [2] Hilliard alleged only that he was denied parole because he was involved in a prison-reform lawsuit. Unlike Serio, Hilliard pointed to no hearing-record statements or other facts establishing that his allegation

was founded on anything more than his own assumption.[3] Serio's complaint, therefore, was not subject to dismissal on the ground that the allegations merely stated legal conclusions.

■ The district court correctly ruled, however, that the defendants enjoyed absolute immunity from § 1983 damages. We held in *Hilliard* that such officials cannot be "personally liable for money damages" because they "are absolutely immune from liability for damages in a § 1983 action." [4] *Hilliard* therefore forecloses Serio's argument based on the distinction between action in an official and in an individual capacity. Although the Supreme Court has not passed on this issue, in *Cleavinger v. Saxner* [5] it relied on precedent consistent with *Hilliard* to distinguish the absolute immunity afforded by lower courts to state parole board members from the qualified immunity that the *Cleavinger* decision affords to members of a federal prison disciplinary committee.[6]

We need not defer decision of the immunity issue here, as we did in *Williams v. Dallas County Commissioners.* [7] In that opinion, we stated, "In any case, even if it plainly appeared that Williams' § 1983 claims would be foreclosed as a matter of law, a federal court may not address the issue until the state courts have been afforded an opportunity to consider the merits of Williams' challenge to his state conviction." [8] *Williams*, however, is based on the comity-inspired principle that state courts should be given first opportunity to rule on the merits of a prisoner's claim attacking the constitutionality of the fact or duration of his incarceration.[9] In *Williams*, the district court inquired into the factual basis of the petitioner's claim, concluded that the complaint was primarily

2. 759 F.2d 1190 (5th Cir.1985).

3. *See also Johnson v. Wells,* 566 F.2d 1016, 1017–18 (5th Cir.1978); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 244 (5th Cir.1985).

4. 759 F.2d at 1193–94.

5. 474 U.S. 193, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985).

6. 106 S.Ct. at 502–03.

7. 689 F.2d 1212 (5th Cir.1982), *cert. denied,* 461 U.S. 935, 103 S.Ct. 2102, 77 L.Ed.2d 309 (1983).

8. 689 F.2d at 1215 n. 5.

9. 689 F.2d at 1214.

a challenge to the impaneling of the petit jury, and determined that the defendants were not involved in the petit jury dispute. The court therefore concluded that the complaint failed to state a colorable claim for § 1983 relief and dismissed the action. Here, the defendants are entitled to absolute immunity, and, even if Serio's factual allegations are true and he is entitled to habeas corpus relief, they could not be held liable for damages. Dismissal of his claim for damages against these defendants, therefore, resolves none of the merits underlying Serio's state claim. In the absence of a threat to the principles of comity, there remains no sound basis to defer decision on the immunity issue.

## II.

Serio's claim for injunctive relief was dismissed by the district court because the court viewed release from confinement as Serio's ultimate aim and concluded that this necessarily reduced the complaint to a "mixed" civil rights/habeas petition subject to dismissal for failure to exhaust state remedies. Serio, however, insists that he seeks neither reduction in his sentence nor early release but only redress for the violation of his equal protection and first amendment rights. To determine whether Serio's equitable claims are properly assertable as an initial matter under § 1983 or must first be pursued through habeas corpus with its attendant exhaustion requirement,[10] we begin by reviewing prior caselaw that has made it difficult to answer this question.

In *Preiser v. Rodriguez*,[11] the Supreme Court held in a class action that a constitutional challenge by state prisoners to the cancellation of good-time credits that would have entitled them to immediate or earlier release should have been brought in a habeas corpus action even though the plaintiffs' claim fell within the literal terms of

§ 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment," the *Preiser* Court stated, "and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[12]

The Court premised its analysis on the principle that "a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in federal court is limited to habeas corpus."[13] This was necessary, the Court noted, "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors."[14] The Court drew no distinction between challenges that would automatically negate the validity of conviction or sentence and challenges that would directly require only that the state court determine whether or not the constitutional infirmity constituted harmless error. The Court then concluded that "the result must be the same in the case of a state prisoner's challenge to the fact or duration of his confinement, based ... upon the alleged unconstitutionality of state administrative action."[15]

In *Wolff v. McDonnell*,[16] however, the Court held that inmates who claimed in a class action that good-time credits had been taken from them without proper procedural protections could sue for damages and an injunction under § 1983 even though their claim seeking restoration of lost good-time for which they had previously been credited could be pursued only through a petition for a writ of habeas corpus. The Court noted that the *Preiser* decision "was careful to point out that habeas corpus is not an appropriate or available remedy for

---

10. *See* 28 U.S.C. § 2254 (1982).

11. 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973).

12. 411 U.S. at 500, 93 S.Ct. at 1841.

13. 411 U.S. at 489, 93 S.Ct. at 1836.

14. 411 U.S. at 490, 93 S.Ct. at 1836.

15. 411 U.S. at 489, 93 S.Ct. at 1836.

16. 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

damage claims which, if not frivolous and of sufficient substance to invoke the jurisdiction of the federal court, could be pressed under § 1983 *along with* suits challenging the conditions of confinement rather than the fact or length of custody." [17] Moreover, the Court noted that the § 1983 action could be maintained despite the fact that usual principles of res judicata would apply to factual and legal disputes resolved by a federal court addressing the § 1983 claim.[18] One apparent implication of *Wolff's* holding, therefore, is that a § 1983 class action challenging the disciplinary proceedings of a state prison may go forward even though a plaintiffs' victory might impugn the validity of the sanctions the prison had imposed and thus—through principles of res judicata and collateral estoppel—automatically entitle individual members of the plaintiff class to new hearings with proper procedural safeguards.

Other Supreme Court decisions confirm that the rationale of *Wolff* sanctions such results. In *Gerstein v. Pugh,* [19] another class action, the Court noted that inmates' claims need not be brought by habeas corpus petition if the relief sought is merely an injunction requiring a hearing to decide whether a possible cause for detention exists rather than a determination that inmates should be released from state custody. Similarly, in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* [20] the Court, without requiring exhaustion of state remedies, addressed the merits of a § 1983 class action raising the issue of whether the due process clause applies to parole-release determinations.

■ Although the principles set forth in *Preiser* are couched in absolute terms, *Wolff, Gerstein,* and *Greenholtz* dim its bright-line test by demonstrating that *Preiser* does not preclude all § 1983 challenges that would, if successful, cast doubt on the validity of state administrative decisions bearing on the fact or duration of state prisoners' confinement. If the estoppel resulting from a successful § 1983 class action merely creates circumstances that require a state to reconsider the propriety of its administrative decisions, comity does not always require exhaustion of state remedies. Thus, at least one of the premises of *Preiser* is not absolute: either (1) comity does not bar § 1983 claims that, if successful, would cast doubt on—but not ultimately determine—the constitutionality of state administrative decisions *and* state court convictions or (2) with regard to such claims, state administrative decisions are not always due the same level of deference as state court convictions and sentencing decisions.

### III.

The Supreme Court cases do not, therefore, make it easy to separate claims that challenge the "fact or duration" of confinement and claims that challenge procedures having some effect on release decisions but also constituting "conditions" of confinement. Defining the precise contours of the boundaries between *Preiser* and *Wolff* consequently has proved to be an elusive goal. Without additional guidance from the Supreme Court, the circuit courts have struggled to establish clear standards for determining how the rules set forth by *Preiser* and *Wolff* should be applied to § 1983 claims that would, through the effects of res judicata and collateral estoppel, call directly into question the constitutionality of state court or administrative decisions affecting release decisions even though the plaintiff does not explicitly seek release from custody.

To distinguish between claims that might arguably fit into either category, some circuits have adopted a pure "effects" test, seeking to determine whether success of the § 1983 claim would "automatically terminate or shorten the period of [the in-

---

17. 418 U.S. at 554, 94 S.Ct. at 2973 (citing *Preiser,* 411 U.S. at 494, 498–99, 93 S.Ct. at 1838, 1840–41) (emphasis added).

18. 418 U.S. at 554 n. 12, 94 S.Ct. at 2974 n. 12.

19. 420 U.S. 103, 107 n. 6, 95 S.Ct. 854, 859 n. 6, 43 L.Ed.2d 54 (1975).

20. 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

mate's] confinement."[21] Use of this criterion, however, requires rigorous analysis of the system being challenged and of the types of allegations made. Distinctions must be made not only between claims seeking hearings and those seeking release[22] but also between claims seeking to establish parole "eligibility" rather than parole "entitlement"[23] and claims seeking to restore good-time credits that affect a prisoner's entitlement to early release[24] rather than merely his eligibility for parole consideration.[25]

### A.

■ Recognizing that the propriety of pursuing a § 1983 suit without first seeking habeas relief cannot be determined solely on the basis of the relief nominally sought,[26] but not adopting the rigorous effects analysis of other circuits, this court has focused on the "scope of the relief" actually sought.[27] Consistent with the first-stated premise of *Preiser*,[28] we adopted, en banc, in *Fulford v. Klein*, a per se rule barring consideration under § 1983 of claims that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined.[29] We

have applied this rule as broadly as the language of *Preiser* implies, without considering whether the claim, if proved, would automatically render the conviction a nullity[30] or merely require state analysis of whether the constitutional infirmity constitutes harmless error.[31] Thus, our first guideline is well-established: Prisoners who challenge the constitutionality of their convictions or sentences must exhaust their state remedies.

### B.

Our decisions regarding § 1983 challenges to the decisions, rules, and procedures of administrative bodies such as parole boards and prison disciplinary committees have been less consistent. In *Alexander v. Ware*,[32] a panel of this court interpreted two previous Fifth Circuit opinions as holding that a prisoner challenging a "single allegedly defective hearing" affecting the date of his parole eligibility or release must first pursue his claim through habeas corpus regardless of the nature of the relief that he requests.[33]

The rule derived from these cases, however, conflicts with the result of this court's earlier decision in *Williams v.*

**21.** *See Chatman-Bey v. Meese*, 797 F.2d 987, 991 (D.C.Cir.1986) (quoting *In re United States Parole Commission*, 793 F.2d 338, 344–45 (D.C.Cir. 1986)); *Georgevich v. Strauss*, 772 F.2d 1078, 1087 (3d Cir.1985) (en banc), *cert. denied*, — U.S. ——, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1986) (citing *Wright v. Cuyler*, 624 F.2d 455 (3d Cir. 1980)).

**22.** 420 U.S. at 107 n. 6, 95 S.Ct. at 859 n. 6.

**23.** *See Chatman-Bey*, 797 F.2d at 991 (citing *Goode v. Markley*, 603 F.2d 973, 977 n. 5 (D.C. Cir.1979)).

**24.** *See Preiser*, 411 U.S. at 476–77, 93 S.Ct. at 1829; *Wolff*, 418 U.S. at 546 n. 6, 94 S.Ct. at 2970 n. 6; *Chatman-Bey*, 797 F.2d at 991 (citing *Williams v. Ward*, 556 F.2d 1143, 1150–52 (2d Cir.), *cert. dismissed*, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977)).

**25.** *See Williams v. Briscoe*, 641 F.2d 274 (5th Cir. Unit A), *cert. denied*, 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981).

**26.** *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir.1979); *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir.1976), *adhered to en banc*, 550 F.2d 342

(1977); *Meadows v. Evans*, 529 F.2d 385, 386 (5th Cir.1976), *adhered to en banc*, 550 F.2d 345 (1977), *cert. denied*, 434 U.S. 969, 98 S.Ct. 517, 54 L.Ed.2d 457 (1977).

**27.** *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir.1983).

**28.** 411 U.S. at 489, 93 S.Ct. at 1836.

**29.** *See Fulford*, 529 F.2d at 381; *Meadows*, 529 F.2d at 386; *See also Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir.1982); *Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. Unit A 1981). *Accord Feeney v. Auger*, 808 F.2d 1279, 1280–81 (8th Cir.1986).

**30.** *See Meadows*, 529 F.2d 385; *Caldwell*, 679 F.2d 494; *Richardson*, 651 F.2d 366; *Feeney*, 808 F.2d 1279.

**31.** *See Fulford*, 529 F.2d 377.

**32.** 714 F.2d at 419.

**33.** *Id.* (citing *Johnson v. Hardy*, 601 F.2d 172 (5th Cir.1979) and *Keenan v. Bennett*, 613 F.2d 127, 128–29 (5th Cir.1980)).

*McCall,* [34] which is cited neither by *Alexander* nor the cases upon which *Alexander* relies. In *Williams,* a Georgia inmate sued the Georgia State Board of Pardons and its chairman under § 1983, alleging that the Board had discriminated against him by failing to grant him the same opportunity for a face-to-face interview that it had granted similarly situated prisoners under consideration for parole. Because Williams challenged the validity of the procedure used to deny him parole rather than the validity of the parole decision itself, the *Williams* court concluded that his claim was properly brought under § 1983. This is consistent with the approach adopted in other circuits.[35] If the *Alexander* rule had applied, however, Williams would have been required to defer suit under § 1983 until he had exhausted his remedies in habeas corpus because he challenged the procedure allegedly unique to his parole hearing.

Both *Williams* and *Alexander* can be reconciled with Supreme Court precedent and with this court's en banc decisions in *Fulford v. Klein* [36] and *Meadows v. Evans.* [37] Moreover, both approaches ensure that the states are given the opportunity to correct their own constitutional errors before lower federal courts rule on issues that would automatically entitle state prisoners to earlier or immediate release.[38] In view of this court's per se rule regarding challenges to state court convictions, however, *Alexander* adheres more closely to the second premise of *Preiser* that administrative decisions of officials of convicting state courts and state prison officials should be treated with equal deference.[39] *Williams,* on the other hand, extends to the unique claim of a single inmate the relief-analysis approach used in the context of class action suits by *Wolff,* [40] *Gerstein,* [41] and *Greenholtz.* [42]

■ Because the Supreme Court's decisions declare no principle that clearly resolves whether *Alexander* or *Williams* states a preferable rule, lower courts must choose either to treat the premises of *Preiser* as nearly absolute, limited only by the immediate implications of *Wolff* to broad-based class action challenges, or to treat the implications of *Wolff* as a purposeful retraction of those premises. *Wolff,* however, does not purport to create a major change in the rule declared in *Preiser.* For that reason, and because the distinction drawn in *Alexander* between broad-based attacks on general rules and procedures and narrow attacks on the procedure followed in a single hearing strikes a workable balance between *Preiser* and *Wolff* that is consistent with all of this circuit's precedent except *Williams,* we adhere to that distinction. We thus derive from *Alexander* a second guideline: If a prisoner challenges a single hearing as constitutionally defective, he must first exhaust state habeas remedies. While some challenges to a single hearing might, if successful, entitle the prisoner only to a new hearing with proper procedural protections instead of making him eligible for or entitling him to accelerated release, it is difficult to determine from the usual petition not only precisely what relief is sought but also what would be the result of that relief. The bright-line rule is, therefore, practical, and the prisoner is not ultimately prejudiced because he will be entitled to have the merits of his claim reviewed. Moreover, the rule avoids attempts to exploit the distinction between § 1983 and habeas corpus relief. We add, however, one additional inquiry.

34. 531 F.2d 1247 (5th Cir.1976).

35. *See, e.g., Chatman-Bey,* 797 F.2d at 990–91; *Georgevich,* 772 F.2d at 1085–87; *Candelaria v. Griffin,* 641 F.2d 868, 869 (10th Cir.1981); *Williams v. Ward,* 556 F.2d 1143, 1150–51 (2d Cir.1977).

36. 550 F.2d 342.

37. 550 F.2d 345.

38. *See Preiser,* 411 U.S. at 490, 93 S.Ct. at 1836.

39. *Preiser,* 411 U.S. at 489, 93 S.Ct. at 1836.

40. 418 U.S. at 554, 94 S.Ct. at 2973.

41. 420 U.S. at 107 n. 6, 95 S.Ct. at 859 n. 6.

42. 442 U.S. 1, 99 S.Ct. 2100.

## C.

Even in some broad-based attacks, resolution of the factual allegations and legal issues necessary to decide the § 1983 claim may, in effect, automatically entitle one or more claimants to immediate or earlier release. In that event, deciding the § 1983 claims would reduce any related state habeas corpus action to "an exercise in futility." [43] Hence we make clear a third guideline: Such claims must also be pursued initially through habeas corpus. To evaluate whether a broad-based claim would have such an effect, a district court must consider the distinction between claims that would merely enhance eligibility for accelerated release and those that would create entitlement to such relief. Some factors courts should consider in completing that analysis have been identified above.[44] That list, however, is not intended to be exhaustive, and courts should consider any additional factors raised that are relevant to the distinction to be drawn.

Finally, in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims. The Supreme Court noted this distinction in *Wolff*: [45]

> The complaint in this case sought restoration of good-time credits, and the Court of Appeals correctly held this relief foreclosed under *Preiser*. But the complaint also sought damages; the *Preiser* expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings. 411 U.S., at 499 n. 14, 93 S.Ct., at 1841 n. 14. Respondent's damages claim was therefore properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct. Such a declaratory judgment as a predicate to a damages award would not be barred by *Preiser;* and because under that case only an injunction restoring good time improperly taken is foreclosed, neither would it preclude a litigant with standing from obtaining by way of ancillary relief an otherwise proper injunction enjoining the prospective enforcement of invalid prison regulations.

## IV.

Although Serio does not seek release from confinement in his § 1983 complaint and resolution of his § 1983 claim would require only that the trial court find that his previous litigiousness played a "substantial"—but not necessarily a "decisive"—role in the Parole Board's decision, he patently challenges a "single allegedly deficient hearing" within the meaning of *Alexander*. He therefore must initially pursue his claims through habeas corpus with its attendant exhaustion requirement. Because, however, Serio may be entitled to relief under § 1983 after he has pursued his claim through habeas corpus, the district court judgment dismissing all of his claims with prejudice is reversed and the case remanded.[46] We do not simply modify the judgment to make the dismissal without prejudice because the effect this might have on the running of the Louisiana prescriptive period is uncertain.[47] If the district court should determine that dismissal without prejudice will not prejudice Serio in this regard, it may take such action.

Accordingly, we grant the petition to proceed in forma pauperis and remand the

---

43. *Fulford,* 529 F.2d at 381.

44. *See supra,* text accompanying footnotes 21–25.

45. 418 U.S. at 554–55, 94 S.Ct. at 2974 (footnote omitted). *See also Delaney v. Giarruso,* 633 F.2d 1126, 1128–29 (5th Cir.1981).

46. *See Jackson,* 720 F.2d at 879; *Williams,* 689 F.2d at 1515–16; *Fulford,* 529 F.2d at 382.

47. *Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir.1983). *See also Jones v. Orleans Parish School Board,* 688 F.2d 342, 344 (5th Cir.1982), *cert. denied,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983).

case for either entry of a stay of Serio's equitable claims or dismissal without prejudice.[48]

---

**48.** *See Clark v. Williams,* 693 F.2d 381, 382 (5th   Cir.1982) (per curiam).