IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30488
USDC No. 94-CV-1766
_____

LYMAN THOMPSON,

Petitioner-Appellant,

versus

MIKE GILLIAM, Warden,

Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Western District of Louisiana

---------------------
August 14, 1995

Before DUHÉ, EMILIO M. GARZA and STEWART, Circuit Judges.

BY THE COURT:

Lyman Thompson has filed a request for a certificate of probable cause (CPC). IT IS ORDERED that his motion be GRANTED. Thompson has failed to demonstrate that he has exhausted his state remedies, see Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983), and has failed to demonstrate that he should be excused from exhausting his claims. See Deters v. Collins, 985 F.2d 789, 795 & n.16 (5th Cir. 1993). Therefore, IT IS FURTHER ORDERED that the portion of the judgment dismissing without prejudice his habeas claims for failure to exhaust is AFFIRMED.

The Supreme Court has held that in order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must prove that the conviction or sentence was reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Prior to Heck, this court required litigants to litigate § 1983 claims that were inextricably intertwined with habeas claims in habeas proceedings before pursuing § 1983 relief. Serio v. Members of Louisiana State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987).

The district court did not address Thompson's denial-of-access-to-the-courts claim, and it is unclear from the current record whether Heck precludes suit at this time. Therefore, that portion of the judgment is VACATED and the case REMANDED. On remand the district court should consider the claim in light of Heck.

IT IS FURTHER ORDERED that the motion for appointment of counsel is DENIED. See Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985). All remaining motions are DENIED.