103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin SAWYER, Plaintiff-Appellant,
v.
Charles TRAUGHBER; Rose Hill; Dawn Chase; Jim Grisham,
Defendants-Appellees.
 No. 96-5278.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1996.
 
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment, and injunctive relief, Melvin Sawyer sued the Chairman of the Tennessee Board of Paroles and members of the Parole Board, alleging that they improperly denied his application for parole. Sawyer claimed that: 1) the defendants denied him due process of law at his parole hearing because the victim of his crime and members of the victim's family were allowed to testify at the hearing and that he was not allowed to hear or rebut that testimony; and 2) the defendants violated the Ex Post Facto Clause of the United States Constitution and the Constitution of the State of Tennessee by applying parole board policies amended since his incarceration to postpone his eligibility for parole. Sawyer did not specify in what capacity he was suing the defendants. On November 17, 1994, the district court dismissed Sawyer's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). The court concluded that the gravamen of Sawyer's complaint was a challenge to the fact or duration of his confinement. Therefore, the district court found that the action was not cognizable under § 1983, but instead should be brought in a habeas corpus petition under 28 U.S.C. § 2254.
 
 
 3
 Sawyer moved to vacate the district court's order. He contended that he was challenging the alleged violation of his due process rights and of the Ex Post Facto Clause, rather than the length and duration of his confinement, and that these issues should be addressed under § 1983. The district court denied Sawyer's motion to vacate the November 17, 1994 order dismissing his complaint. Sawyer appeals that judgment.
 
 
 4
 In his timely appeal, Sawyer reasserts the claims he set forth in the district court. He also contends that the district court erred in construing his complaint as a habeas petition and in dismissing the complaint as frivolous.
 
 
 5
 Initially, we note that Sawyer did not specify that he was suing the defendants in their individual capacities. State officials are not considered persons within the meaning of 42 U.S.C. § 1983 when sued in their official capacities for monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). If a plaintiff does not affirmatively plead the capacity in which he is suing state defendants, they will be considered as sued in their official capacities, and thus not be considered subject to suit for monetary damages. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989).
 
 
 6
 This court reviews a judgment dismissing an action pursuant to § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). Upon review, we conclude that the district court properly determined that Sawyer must pursue his case, if at all, by way of habeas corpus rather than under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Sawyer does not challenge the process or frequency by which the defendants consider inmates for parole. Sawyer merely challenges the result of a specific parole hearing. Where a prisoner challenges a "single allegedly deficient hearing," rather than a broad-based challenge to administrative parole procedures, he must initially pursue his claims through habeas corpus. Serio v. Members of Louisiana State Bd. of Pardons, 821 F.2d 1112, 1118 (5th Cir.1987). Therefore, Sawyer's challenge does not set forth a cognizable § 1983 claim.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memoranda dated November 17, 1994 and January 25, 1996.