IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10269
Summary Calendar

RODRIGO CRESPO,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 5:01-CV-133-C

January 28, 2003

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodrigo Crespo, Texas prisoner # 849315, appeals from the denial of his "42 U.S.C. § 1983 complaint and/or Application for Writ of Habeas Corpus" which the district court construed as a 28 U.S.C. § 2254 petition. We granted a certificate of appealability ("COA") solely on the issue of whether Crespo alleged a protected

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property interest in money in his prison account requiring that he be afforded procedural due process before prison officials may deprive him of the funds in a disciplinary proceeding. The respondent argues that COA was improvidently granted because Crespo's property interest claim sounds in civil rights, not habeas, and must be considered in a 42 U.S.S. § 1983 context, but also stating "[i]f the court finds Crespo properly presented a civil rights claim to the court below, the case should be remanded for the limited issue of the availability of relief pursuant to 42 U.S.C. section 1983."

The respondent did not raise this argument below when Crespo initially filed a purported 42 U.S.C. § 1983 complaint. Nor did respondent expressly address the property interest claim below. We note that the district court properly construed Crespo's claims concerning the restoration of good time under 28 U.S.C. § 2254. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Assuming, without deciding, that the respondent's contention is correct, Crespo's pleading in the district court would have been a mixed habeas/civil rights complaint, and the district court should have considered Crespo's property interest claim separately. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Because the district court did not explicitly address the

2

property interest claim and because the respondent has taken no position in this court (or the district court) on the availability of relief under 42 U.S.C. § 1983, we VACATE the district court's judgment in part and REMAND for the district court to consider only the property interest claim. The district court should consider whether Crespo has stated a cognizable claim under either 42 U.S.C. § 1983 (which may include whether or how *Edwards v. Balisok*, 520 U.S. 641 (1997), is applicable in these circumstances) or 28 U.S.C. § 2254 (although a favorable determination would not automatically entitle Crespo to accelerated release) and whether the procedural due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), were satisfied. The district court may take any actions it deems appropriate to resolve these two questions, including but not limited to an order of further briefing or an evidentiary hearing.

AFFIRMED IN PART and VACATED IN PART and REMANDED.