**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40077
USDC No. 6:02-CV-488

_____

ROY JON,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Roy Jon, Texas inmate # 626840, has filed a motion for a certificate of appealability (COA) from the dismissal of his petition for habeas relief, filed under 28 U.S.C. § 2254. He argues that he is entitled to the procedural safeguards afforded by Wolff v. McDonnell, 418 U.S. 539 (1974), because he was placed in solitary confinement in conditions that were "atypical" and which produced a "significant hardship." Jon also argues that it

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

is not necessary for him to obtain a COA from this court because he challenges the constitutionality of a prison disciplinary hearing under 28 U.S.C. § 2241 and, consequently, is not complaining about detention which arose out of process issued by a state court.

Because a favorable determination of Jon's claims would not automatically entitle him to an accelerated release, the appropriate vehicle for his claims was 42 U.S.C. § 1983 action. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997).  As such a COA is DENIED as unnecessary.

Jon does not have a liberty interest in challenging the punishment he received as a result of his disciplinary hearing. Sandin v. Conner, 515 U.S. 472, 484 (1995).  The district court's dismissal of Jon's challenge to solitary confinement is AFFIRMED.

The district court, however, should have considered separately the merits of Jon's claims under 42 U.S.C. § 1983 that he was denied due process at his disciplinary hearing and that the conditions of his solitary confinement were unconstitutional. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995); Serio v. Members of Louisiana State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987).  Accordingly, the dismissal of those claims is VACATED, and the case is REMANDED to the district court for consideration of them on their merits.

COA DENIED as unnecessary; AFFIRMED in part; VACATED and REMANDED in part.