**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2009

No. 09-30225
Summary Calendar

Charles R. Fulbruge III
Clerk

RANDELL ORANGE,

Plaintiff-Appellant

v.

EMANUEL ELLIS, Major; STEVE RADAR, Warden; JAMES THOMPSON,
Sergeant; ROOSEVELT LENOIR, Lieutenant; UNKNOWN ALLEN,
Sergeant, EDDIE VEAL, Sergeant; UNKNOWN PAYNE, Col. Investigator,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-224

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Randell Orange is an inmate confined at the Dixon Correctional Institute
in Louisiana. He brought a Section 1983 claim against prison officials. *See* 42
U.S.C. § 1983. Alleged are constitutional violations involving retaliation for the
exercise of First Amendment rights, deliberate indifference to his serious
medical needs, use of excessive force, and false disciplinary charges and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

punishment without due process of law. The district court dismissed the suit. We AFFIRM.

The suit arises from an incident in January 2008. While being escorted from his cell to a shower, Orange spoke to several other inmates along his tier. Orange claimed that a guard, Eddie Veal, asked if Orange was speaking to him. Orange responded, "not you, but if I'm provoked I'll talk to anyone like a man." Following his shower, Orange alleged that Veal conducted an unscheduled "shakedown" of his cell while verbally harassing him. In particular, Orange claimed that Veal announced to the other inmates that he was a "snitch."

A short time later, and allegedly without provocation, Orange was sprayed with an irritant while confined in his cell. Orange asserts that he was then instructed to get on his knees and face the wall, at which point Sergeant Allen shackled Orange's ankles. Subsequently, Emanuel Ellis entered the cell with a "shocking shield" and allegedly began ramming Orange into the wall, sitting and placing his knee on Orange's back, repeatedly hitting Orange with his fists, and shocking him with the shield. Orange contends that Roosevelt Lenoir assisted Ellis in the attack, twice spraying him with the chemical irritant.

After the incident, plaintiff was charged with various disciplinary violations, found guilty, and sentenced to a loss of 450 days of good-time credits. Orange maintains that Steve Rader and a man named Payne, who supervised and investigated the incident, wrongly denied his disciplinary appeals and refused him medical care for injuries incurred in the altercation. Orange also filed a number of grievances with prison officials resulting from the incident.

Orange filed suit against the individuals we have named. The district court adopted the report and recommendations of a magistrate judge. The magistrate granted defendants' motion for summary judgment on the issues of retaliation for the exercise of Orange's First Amendment rights (when he spoke to Veal in a manner that may have been perceived as disrespectful) and for

deliberate indifference to his serious medical needs. The magistrate also granted defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for the use of excessive force and denial of due process in Orange's disciplinary proceedings.

We give *de novo* review to a district court's grant of both summary judgment and a motion to dismiss pursuant to Rule 12(b)(6). *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008); *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009).

A prisoner may not bring an action with respect to prison conditions under Section 1983 until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirement of administrative exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The record indicates that none of Orange's multiple grievances filed with the prison alleged retaliation for the exercise of First Amendment rights, nor deliberate indifference to his serious medical needs. The district court's grant of summary judgment for failure to exhaust these claims was therefore proper.

Construed liberally, Orange's brief further alleges Section 1983 violations against defendants in both their official and individual capacities. Orange's claims against defendants in their official capacities fail because as employees of the state, defendants are protected by the Eleventh Amendment. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Orange's allegations against the officers in their individual capacities encounter a different barrier – qualified immunity. A two-step analysis is used to determine if qualified immunity protects particular officials. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, taking the facts alleged in the light most

favorable to the plaintiff, the defendants' conduct in the exercise of their official duties must have violated plaintiff's constitutional rights. *Id.* Second, the court must determine whether the rights alleged were clearly established. *Id.*

Orange's claims of verbal harassment do not reveal a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Mere words are not sufficient to support a Section 1983 claim. *Id.*

Orange's allegations concerning excessive use of force were also correctly dismissed. Orange's disciplinary appeal seeks restoration of good-time based on his allegations of excessive force, and thus necessarily challenges the length of his confinement. Any such challenge must be undertaken in a habeas corpus proceeding. *Serio v. Members of the Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). Until Orange can show that his disciplinary charges have been overturned, the court cannot redress the excessive force claim under Section 1983.

Any claims for monetary damages resulting from the allegedly wrongful disciplinary charges were also properly dismissed. Where a judgment in favor of the plaintiff – even in a prison disciplinary proceeding – necessarily implies the invalidity of his conviction or sentence, a prisoner's claim for damages is not cognizable. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Orange's allegations are tied to his loss of good time. Because the disciplinary proceedings have not been overturned administratively or through habeas proceedings, Orange is barred from asserting a Section 1983 claim.

Additionally, Orange's claims against defendants Rader, Thompson and Payne as investigators are improper. Due process violations allegedly arising from the failure to investigate grievances are without merit. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (per curiam).

The district court properly granted defendants' motion for summary judgment and motion to dismiss under Rule 12(b)(6). We AFFIRM.