# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2010

Lyle W. Cayce
Clerk

No. 10-20150
Summary Calendar

RICHARD DEAN ROSIN,

Petitioner-Appellant

v.

MICHAEL D. BARNETT; DELATE D. JONES, Captain of Corrections; CADE T. CRIPPIN; MRS. MCMILLIAN; SERGEANT SMITH, Sergeant, also known as Smith,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3908

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Dean Rosin, Texas prisoner # 580399, moves this court for a certificate of appealability (COA) to appeal the district court's denial of relief, which he requested in a submisison styled as a 28 U.S.C. § 2254 petition. The district court construed the petition as raising only § 2254 claims arising out of Rosin's prison disciplinary procedures and denied it on the basis that Rosin did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not have a liberty interest at stake. Rosin does not dispute the district court's decision that he was not entitled to relief under § 2254. Instead, he argues that he does not seek habeas corpus relief but instead seeks damages and injunctive relief for civil rights violations under 42 U.S.C. § 1983. We construe Rosin's request for a COA as both a request for a COA for any § 2254 claims and an appeal of the dismissal of his civil rights claims.

The label attached to a prisoner's pro se pleading is not controlling; rather, courts must look to the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Rosin alleged in his petition that his prison disciplinary proceedings did not meet minimum standards of procedural due process, a claim that may be cognizable in a § 1983 suit as long as it does not implicate the validity of the disciplinary conviction or affect the duration of Rosin's sentence. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004). Rosin's allegations potentially give rise to two other cognizable § 1983 claims: that prison officials violated his right under the First Amendment by harassing and retaliating against him for filing grievances, and that officials were deliberately indifferent when they forced him to perform work that did not comport with his medical restrictions, causing him to fall and break his arm. The district court, however, did not address whether Rosin stated cognizable claims under § 1983. *See Serio v. Member of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Accordingly, Rosin's request for a COA to appeal the dismissal of his § 2254 claims is DENIED. The district court's dismissal of Rosin's civil rights claims is VACATED, and the case is REMANDED for the district court to consider whether Rosin has alleged any civil rights claims cognizable under § 1983.