# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2012

No. 10-40810

Lyle W. Cayce
Clerk

NORMAN LEE BIRL, JR.,

Petitioner-Appellant,

v.

RICH THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-36

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Norman Lee Birl, Jr., Texas inmate # 591717, appeals the denial of his 28 U.S.C. § 2554 petition raising a challenge to a prison disciplinary proceeding. Birl contends that his liberty and property interests were implicated by the denial of procedural due process related to the disciplinary investigation and charge. His disciplinary conviction resulted in punishment of the loss of 45 days of commissary privileges, 45 days of cell restriction, a reduction in line class from S3 to L1, and the loss of 30 days of good-time credit. Birl claimed that these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40810

sanctions constituted unlawful deprivations of liberty. Birl also alleged that in the course of the disciplinary investigation, prison officials confiscated commissary products from his unit, only some of which have been returned to him, and placed a hold, yet to be lifted, on his inmate trust account that prevents him from making commissary purchases. Birl alleges that the confiscation of his commissary products and the placement of an indefinite hold on his commissary account deprived him of protected property interests without due process of law. The district court dismissed Birl's habeas petition and Birl petitioned this court for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c). A judge of this court denied COA with respect to Birl's liberty interest claims but granted Birl a COA on the issue of whether his property interest claims are cognizable under 28 U.S.C. § 1983.

Prisoners claims alleging deprivations of property interest without due process of law are plainly cognizable under § 1983. *See, e.g.*, *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983), *abrogated on other grounds by Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984), *as recognized in Augustine v. Doe*, 740 F.2d 322, 328 & n.10 (5th Cir. 1984) (explaining that where prisoners are permitted to possess property, they have a protected interest in their property and § 1983 provides a remedy if prison officials deprive prisoners of this interest absent due process). We have held that, "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *accord Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (stating that, in such instances, "the district court should separate the claims and decide the § 1983 claims" (citing *Serio*, 821 F.2d at 1119)).

Therefore, it is proper for the district court to consider in the first instance whether Birl's property interest claims may proceed under § 1983, subject to the

requirements of the Prison Litigation Reform Act of 1995, which "do not apply to habeas petitions under § 2254." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). If the district court reaches the merits of Birl's claims, it will be proper for that court to determine whether those claims implicate deprivations of protected property interests and, if so, whether the procedural due process requirements of *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), were satisfied.

We therefore VACATE the district court's judgment and REMAND for further proceedings consistent with this opinion.