**Kennith Wayne THOMAS,**
**Petitioner–Appellant**

v.

**Richard ALFORD, Senior Warden; Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondents– Appellees.**

**No. 12–40334**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 2012.

Kennith Wayne Thomas, Beaumont, TX, pro se.

Tommy Lee Skaggs, Assistant Attorney General Office of the Attorney General, Austin, TX, for Respondents–Appellees.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Kennith Wayne Thomas, Texas prisoner # 578158, moves this court for a certificate of appealability (COA) to appeal the district court's denial of relief, which he requested in a submission styled as a 28 U.S.C. § 2254 petition. The district court construed the petition as raising only § 2254 claims arising out of Thomas's prison disciplinary procedures and denied it on the basis that Thomas did not have a liberty interest at stake. Thomas has not shown error in the district court's decision that his disciplinary punishment did not implicate a protected liberty interest. Instead, he argues that the district court failed to consider his claim that prison officials violated his right under the First Amendment by retaliating against him for his use of the prison grievance process. He also asks for leave to attach an exhibit to his brief filed in support of his COA request. We construe Thomas's request for a COA as both a request for a COA on any § 2254 claims and an appeal of the dismissal of his civil rights claims.

The title a prisoner gives to pro se pleadings is not controlling; rather, courts look at the content of the pleading. *United States v. Santora,* 711 F.2d 41, 42 n. 1 (5th Cir.1983). Thomas's retaliation claim is potentially cognizable under 42 U.S.C.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR R. 47.5.4.

§ 1983. The district court, however, did not address whether Thomas stated cognizable claims under § 1983. *See Serio v. Member of La. State Bd. of Pardons,* 821 F.2d 1112, 1119 (5th Cir.1987).

Thomas's request to attach an exhibit to his brief is GRANTED, and his request for a COA to appeal the dismissal of his § 2254 claims is DENIED. The district court's dismissal of Thomas's civil rights claims is VACATED, and the case is REMANDED for the district court to consider whether Thomas has alleged any civil rights claims cognizable under § 1983.