# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10971

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2014

Lyle W. Cayce
Clerk

JOSEPH OYE OGUNTODU,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-114

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joseph Oye Oguntodu, Texas prisoner # 1728590, moves this court for a certificate of appealability (COA) to appeal the district court's denial of relief, which he requested in a submission styled as a 28 U.S.C. § 2254 petition. The district court construed the petition as raising only § 2254 claims arising out of Oguntodu's prison disciplinary conviction in case number 20130024805 and denied it on the basis that Oguntodu did not have a liberty interest at stake.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10971

Oguntodu has not shown error in the district court's decision that his disciplinary punishment did not implicate a protected liberty interest. Instead, given the benefit of liberal construction, he argues that the district court failed to consider his claim that prison officials filed the disciplinary complaint in retaliation for his complaints against another officer. We construe Oguntodu's request for a COA as both a request for a COA to appeal the denial of his § 2254 claims and an appeal of the dismissal of his civil rights claims.

The label attached to a prisoner's pro se pleading is not controlling; rather, courts must look to the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Oguntodu's retaliation claim is potentially cognizable under 42 U.S.C. § 1983. The district court, however, did not address whether Oguntodu stated cognizable claims under § 1983. *See Serio v. Member of La. State. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

Oguntodu's request for a COA to appeal the dismissal of his § 2254 claims and his motion for the appointment of counsel are DENIED. The district court's dismissal of Oguntodu's civil rights claims is VACATED, and the case is REMANDED for the district court to consider whether Oguntodu has alleged any civil rights claims cognizable under § 1983.