# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10695

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2019

Lyle W. Cayce
Clerk

GARY WAYNE WILLOUGHBY,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-74

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

In a submission styled as a 28 U.S.C. § 2254 petition, Gary Wayne
Willoughby, Texas prisoner # 1473082, raised constitutional claims arising out
of a prison disciplinary proceeding. The district court construed the petition as
raising only § 2254 claims and denied it. Willoughby now moves this court for
a certificate of appealability (COA) to appeal the district court's denial of his
§ 2254 claims. He also argues in the alternative that the district court failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-10695

to consider whether he stated claims for civil rights violations arising under 42 U.S.C. § 1983.  We construe Willoughby's motion as both a request for a COA with respect to any § 2254 claims and an appeal of the dismissal of any civil rights claims.[1]

To obtain a COA, a § 2254 petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a district court has denied claims on the merits, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Willoughby has not made the requisite showing for issuance of a COA.  *See id.*

With respect to any civil rights claims, the title a prisoner gives to pro se pleadings is not controlling; rather, courts look at the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).  Willoughby may have stated civil rights claims that are potentially cognizable under § 1983. The district court, however, did not address whether Willoughby stated cognizable claims under § 1983.  *See Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

In light of the foregoing, Willoughby's request for a COA to appeal the denial of his § 2254 claims is DENIED.  The district court's dismissal of Willoughby's civil rights claims is VACATED, and the case is REMANDED for the district court to consider whether Willoughby has alleged any civil rights

---

[1] To the extent that Willoughby is attempting to appeal the district court's denial of his postjudgment motion for injunctive relief, we lack jurisdiction based on the absence of a separate notice of appeal with respect to that ruling.  *See Sama v. Hannigan*, 669 F.3d 585, 589 (5th Cir. 2012).

No. 18-10695

claims cognizable under § 1983.  Willoughby's request for reassignment of the case on remand is denied.