# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20402
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2020

Lyle W. Cayce
Clerk

KEITH HARRY WASHINGTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1723

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Keith Harry Washington, Texas prisoner # 1487958, raised constitutional claims arising out of a prison disciplinary proceeding in a submission styled as a 28 U.S.C. § 2254 petition. The district court construed the petition as raising only § 2254 claims and denied it. Washington now moves this court for a certificate of appealability (COA) to appeal the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20402

court's denial of his § 2254 claims.  He also argues that the district court failed to consider claims involving civil rights violations of his First Amendment and substantive due process rights.  We construe Washington's motion as both a request for a COA with respect to any § 2254 claims and an appeal of the dismissal of any civil rights claims, and we consider each in turn.

I.

Washington's habeas petition challenges a disciplinary conviction he received for solicitation to violate the rules of the Texas Department of Criminal Justice (TDCJ).  As a result of his violation, he forfeited 30 days of good-time credit and received 30 days of commissary restriction, 15 days of recreation restriction, a demotion in line class, and prolonged confinement in restrictive hours.  Washington claimed that his due process rights were violated during the disciplinary proceedings and that the disciplinary report contained false statements.  The district court concluded that Washington was not entitled to habeas relief because his punishment consisted only of changes to the condition of his confinement and a loss of good time credit, which did not implicate due process.  Accordingly, the district court dismissed the case and denied a COA.

Washington now seeks a COA in this court.  To obtain a COA, a § 2254 petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet that standard, Washington must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted) (quote at 484).

No. 19-20402

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (citation omitted). The Due Process Clause of the Fourteenth Amendment protects persons against deprivations of life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); U.S. Const. amend. XIV, § 1. Thus, in determining whether an individual's due process rights have been violated, this court first considers whether he has been denied a liberty or property interest by the state. *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010). Punishments such as loss of recreation and commissary privileges, cell restriction, solitary confinement, and change in line class do not implicate due process concerns because they do not represent an "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see Malchi*, 211 F.3d at 958-59; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

States may, under certain circumstances, create liberty interests that the Due Process Clause protects, which are "generally limited to . . . regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767; *see Sandin*, 515 U.S. at 483-84, 487 (explaining that prison disciplinary proceedings will impact a petitioner's liberty interests where a disciplinary adjudication "inevitably affect[s] the duration of his sentence"). Parole is discretionary in Texas and an inmate's release on parole is entirely speculative; therefore, the loss of good time credits and any delay in consideration for parole does not implicate a protected liberty interest. *See Madison*, 104 F.3d at 768; *Malchi*, 211 F.3d at 957.[1]

---

[1] Conversely, a Texas prisoner who is eligible for the Texas form of conditional release known as mandatory supervision has "a protected liberty interest in previously earned good [] time credits." *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007). This is irrelevant

No. 19-20402

In the instant case, the record establishes that Washington's disciplinary conviction resulted in the loss of good time credits and commissary and recreation privileges, a reduction in line class, and confinement in restricted hours. As the district court correctly determined, these punishments did not implicate due process concerns. *See Teague*, 482 F.3d at 777; *Malchi*, 211 F.3d at 958; *Madison*, 104 F.3d at 768. Therefore, reasonable jurists would not debate whether Washington's procedural due process claims deserve encouragement to proceed. *See Slack*, 529 U.S. at 483-84.

## II.

With respect to any civil rights claims, the title a prisoner gives to pro se pleadings is not controlling; rather, courts look at the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Washington may have stated civil rights claims that are potentially cognizable under 42 U.S.C. § 1983. *See, e.g.*, *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The district court, however, did not address whether Washington stated cognizable claims under § 1983. *See Serio v. Members of La. St. Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).

\* \* \*

In light of the foregoing, Washington's request for a COA to appeal the denial of his § 2254 claims is DENIED. The district court's dismissal of Washington's civil rights claims is VACATED, and the case is REMANDED for the district court to consider whether Washington has alleged any civil rights claims cognizable under § 1983.

---

here, however, because according to his petition, Washington was ineligible for mandatory supervision.