**Charlie ALEXANDER,**
**Petitioner-Appellant,**

v.

**Glenn WARE, et al.,**
**Respondents-Appellees.**

**No. 83–2095.**

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1983.

---

Charlie Alexander, pro se.

J.D. Hooper, Asst. Atty. Gen., James Ludlum, Jr., Austin, Tex., for respondents-appellees.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

This case concerns the rights and remedies of a prisoner who alleges that the Texas Department of Corrections (TDC) has found him guilty of institutional offenses on the basis of summary procedures. Charlie Alexander, an inmate at TDC's Huntsville unit, seeks appellate review of an order dismissing his civil rights complaint. The district court concluded, alternatively, that Alexander could only challenge TDC disciplinary procedures through a habeas corpus petition and that the complaint did not, at any rate, state a claim for federal court relief. Alexander seeks in forma pauperis status in this court. We grant him that status, reverse the decision below in part, and remand for further proceedings. *See Montana v. Commissioners Court,* 659 F.2d 19, 23 (5th Cir.1981), *cert. denied,* 455 U.S. 1026, 102 S.Ct. 1730, 72 L.Ed.2d 147 (1982).

## I

## APPELLANT'S ALLEGATIONS

Alexander challenges TDC's alleged practice of using summary disciplinary procedures to deprive him of good time credit. He contends that Huntsville officials have kept him in an inmate classification that accumulates no good time credit by charging him with minor rule infractions and affording him no opportunity to present a defense.

The events precipitating this complaint allegedly occurred in the summer of 1982. On two separate occasions, corrections officers lodged disobedience charges against Alexander. In both instances, Alexander learned of the charges when a senior corrections officer summoned him and required him to enter an immediate plea. The officers denied Alexander's requests to call witnesses or postpone the hearing and entered guilty findings on the basis of the complaints. On each occasion, the hearing officer meted out minor penalties.

Alexander, however, soon learned that the guilty findings carried other consequences. Texas inmates can obtain early parole consideration by accumulating "good time" credit, Tex.Rev.Civ.Stat.Ann. art. 6181–1 (Vernon Supp.1982). The rate of good time accrual depends on the inmate's classification. A parole officer informed Alexander that the guilty findings would require him to spend six months in "Line Class III," with the result that he could accumulate no good time credit.

Alexander sought administrative review of his first disciplinary proceeding. The warden at Huntsville informed Alexander that he received all the process due to him in light of the trivial punishments. After the second disciplinary proceeding Alexander sought a state civil rights investigation by writing to the county sheriff.

Because Alexander's suit touched upon the potential length of his sentence, the district court interpreted the complaint as challenging the fact of Alexander's continued custody rather than the conditions of his confinement. Thus, the court concluded, habeas corpus provided Alexander's exclusive remedy, and his failure to exhaust state remedies required dismissal.

Although this decision should require dismissal of the civil rights action for lack of jurisdiction, the court also ruled on the merits. The court decided that Alexander's attack on disciplinary procedures amounted to a disguised challenge to the refusal of the State of Texas to grant Alexander parole. Reasoning that parole under Texas law did not amount to a state-created entitlement, the court concluded that TDC officials had deprived him of no federally protected right.

The court also found that the procedures alleged in the complaint satisfied due process. In the court's opinion, Alexander had to plead a loss of earned good time, or solitary confinement, before TDC had to supply any greater procedural protection. Finally, the court concluded that the sheriff's refusal to investigate was not actionable.

## DISCUSSION

### 1. Exclusive Remedy in Habeas Corpus

*Preiser v. Rodriquez,* 411 U.S. 485, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) holds that a state prisoner who challenges the fact or duration of his custody, and seeks release from imprisonment as his remedy, must proceed by a habeas corpus petition. 411 U.S. at 500, 93 S.Ct. at 1841. Even if the prisoner does not seek release, habeas corpus still provides the exclusive remedy if relief will "undermine the validity of a state conviction." *E.g., Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir.1981).

While the nature of the relief requested does not control when a prisoner attacks his conviction under 42 U.S.C. § 1983, it is a different matter when the prisoner attacks internal prison discipline. The Supreme Court has focused on the nature of relief sought in determining the availability of a civil rights action as a vehicle for challenging prison disciplinary hearings. A nonfrivolous claim for damages and declaratory relief may proceed even if the prisoner

must seek restoration of good time credit in a state habeas corpus proceeding. *Wolff v. McDonnell,* 418 U.S. 539, 555, 94 S.Ct. 2963, 2973–74, 41 L.Ed.2d 935 (1974).

We have interpreted *Wolff* to require analysis of the scope of the relief sought. If a prisoner challenges a "single allegedly defective hearing," he attacks, in essence, the fact and duration of his custody. *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979). Whatever the nature of the relief he seeks for an isolated violation, the prisoner must resort to habeas corpus and exhaust state remedies. *Id.; Keenan v. Bennett,* 613 F.2d 127, 128–29 (5th Cir.1980). On the other hand, we have suggested that "a broad due process challenge" to a prison disciplinary system would represent a challenge to conditions of confinement, for which a civil rights remedy would be available. *Johnson,* 601 F.2d at 174; *Keenan,* 613 F.2d at 129–30.

■ The present complaint primarily attacks TDC's disciplinary system. Alexander seeks, in addition to damages, a declaratory judgment that TDC has violated the Constitution through a policy of charging minor violations, entering summary guilty findings and retaining inmates in an unfavorable "good time" classification. He points to two separate instances of this practice, and quotes the prison warden as approving this policy. These allegations point to a systemic challenge rather than a disguised attempt to restore good time credit withheld as a result of an isolated incident. For these allegations, habeas corpus does not provide the sole remedy.

2. The Complaint as a Challenge to Denial of Parole

■ We cannot agree with the district court's construction of the complaint as a challenge to the denial of parole. Undoubtedly, Alexander lacks a protectable liberty or property interest in parole release. *Williams v. Briscoe,* 641 F.2d 274, 277 (5th Cir.), *cert. denied,* 454 U.S. 854, 102 S.Ct. 299, 70 L.Ed.2d 147 (1981). Alexander, however, presents the entirely distinct question of whether prison authorities must afford adequate procedures before affecting his parole eligibility by assigning him into an unfavorable good time classification on the basis of institution rules violations.

■ The district court's reading of the complaint errs in its approach to *pro se* pleadings. The court must hold such pleadings to "a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1971). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.,* 94 S.Ct. 596 (*quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Alexander has pleaded that TDC summarily punished him. If the Constitution requires TDC to afford greater procedural protection, Alexander has stated a cause of action.

3. The Adequacy of the Hearing

■ The district court held that due process requires no procedural safeguards beyond those afforded to Alexander. TDC neither placed Alexander in solitary confinement nor withdrew earned good time credit. Unless TDC actually assessed such punishments, the district court believed, a full hearing was unnecessary.

We have held, however, that the punishment that a prisoner may receive rather than the punishment actually meted out for a rules violation determines whether the prison authorities must afford an adequate hearing within the meaning of *Wolff. See Gates v. Collier,* 501 F.2d 1291, 1318 (5th Cir.1974). A Texas prisoner may forfeit some or all of his accrued good time credit for any violation of a TDC rule. Tex.Rev. Civ.Stat.Ann. art. 6181–1(4) (Vernon Supp. 1982). Even without considering the effect of an adverse classification on future good time, the possibility of the loss of accrued good time credit turns all TDC rule violations into major misconduct. *See Gates v. Collier,* 501 F.2d at 1318.

#### 4. *Ruiz v. Estelle*

■ We also note an issue that the district court failed to reach. Alexander's complaint alleges that officials at Huntsville have violated the remedial decree in *Ruiz v. Estelle,* 503 F.Supp. 1265, 1346–47 (S.D.Tex.1980), *aff'd. in part and vacated in part,* 679 F.2d 1115, 1155–56 (5th Cir.), *amended in part,* 688 F.2d 266 (1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). Neither the defendants' motion to dismiss nor the district court's opinion adverts to *Ruiz.* Where a prisoner's complaint draws the court's attention to the failure of prison officials to comply with an order of the court, the court should give "due consideration, among other things, to the effectuation of the decree." *White v. Commissioner of Alabama Board of Corrections,* 470 F.2d 55, 56 (5th Cir.1972) (per curiam).

■ TDC, in pertinent part, has been enjoined as follows:

> Defendants shall forthwith conform their disciplinary practices to the requirements of *Wolff v. McDonnell,* 418 U.S. 539 [94 S.Ct. 2963, 41 L.Ed.2d 935] (1974), for proceedings in which prisoners *might* be subjected to solitary confinement, loss of good time or demotion in line-earning class.

*See Ruiz v. Estelle,* 666 F.2d 854, 867 (5th Cir.1982) (appendix) (reproducing district court order) (emphasis supplied). Assuming the truth of Alexander's allegations, TDC has violated not only the above quoted portion of the decree, but other, more specific items in the decree. *See id.* at 867–69. Accordingly, the district court should consider whether Alexander's complaint, in order to effectuate the *Ruiz* decree, is more efficiently processed as a petition either for further relief or for a contempt citation before the *Ruiz* court. *See generally* C. Wright & A. Miller, Federal Practice and Procedure, § 2960 (1973) (outlining compensatory and coercive relief available for violation of court order).

#### 5. Liability of the Sheriff

■ Although the district court improperly dismissed with respect to TDC officials, we find the appeal with respect to the Sheriff of Walker County frivolous. Alexander predicates his cause of action on the Sheriff's alleged duty to eliminate future TDC misconduct. Not only do we discern no basis for a constitutional duty to investigate such a prisoner complaint, but we also note that these allegations fall short of establishing an "affirmative link" between the Sheriff's conduct and the alleged constitutional violation. *See Rizzo v. Goode,* 423 U.S. 362, 377–78, 96 S.Ct. 598, 606–07, 46 L.Ed.2d 561 (1975).

In light of our disposition of this appeal, Alexander's motion for appointment of appellate counsel is denied. The petition to proceed in forma pauperis is granted, and the judgment below is AFFIRMED IN PART AND VACATED IN PART. We REMAND for further proceedings consistent with this opinion.