900 F.2d 252
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory H. JONES, Plaintiff-Appellant,
v.
C.W. CARROLL; Sergeant Hudson; Guard McLamb; Guard King;
Warden Rice, Defendants-Appellees.
 No. 89-7120.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1990.
Decided March 14, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. John D. Larkins, Jr., Senior District Judge. (C/A No. 85-997-CRT).
 Gregory H. Jones, appellant pro se.
 Jacob Leonard Safron, Special Deputy Attorney General, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before DONALD PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gregory Jones, a North Carolina prisoner, filed this action pursuant to 42 U.S.C. Sec. 1983 alleging numerous constitutional violations. Jones alleged that:
 
 
 2
 (1) he was transferred from Central Prison to Caledonia in retaliation for filing a previous lawsuit;
 
 
 3
 (2) he was deprived of his personal property, also in retaliation for filing that lawsuit;
 
 
 4
 (3) he was deprived of his legal papers and thus denied access to the courts;
 
 
 5
 (4) he was subjected to cruel and unusual punishment when he was forced to wear handcuffs and shackles while being transferred;
 
 
 6
 (5) he was subjected to an unreasonable strip search upon his return to Central Prison;
 
 
 7
 (6) he was transferred from Central Prison to prevent his meeting with counsel; and
 
 
 8
 (7) he was subjected to punitive conditions while incarcerated at Caledonia.
 
 
 9
 The district court granted the defendants' motion for summary judgment on claims one, two, four, five, and six. Claim seven was dismissed without prejudice for failure to name the proper defendants.[1] Jones received a jury trial on his third claim. The jury found that the defendants had not denied Jones access to the courts, and judgment was entered accordingly.
 
 
 10
 Our review of the record, the trial tapes, and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit. Accordingly, we affirm the order granting summary judgment on claims one, four, five, and six, and dismissing claim seven, on the reasoning of the district court. We also affirm the granting of summary judgment on claim two, although for a different reason.
 
 
 11
 The defendants contended that they confiscated and destroyed Jones's excess personal property without a hearing pursuant to prison policy, and therefore it was an authorized act. Deprivations of personal property pursuant to established state procedures are subject to the procedural requirements of the due process clause. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). To comport with the due process requirement, prisoners are entitled to a predeprivation hearing for state authorized takings. However, deprivation of property merely under color of state law by state employees, but not authorized by the state, is insufficient to give rise to a due process right to a predeprivation hearing under Logan. Fields v. Durham, 856 F.2d 655, 658 (4th Cir.1988).
 
 
 12
 The defendants confiscated Jones's excess personal property under Central Prison's "three-bag rule" and disposed of it pursuant to 5 NCAC 2F .0504. Section .0504 provides that unauthorized property may be disposed of it the inmate refuses to provide an address where it may be mailed. Jones claimed that he told prison officials the property could be given to either his mother or his attorney on their next scheduled visits. Either option appears to substantially meet the address requirement of section .0504, as each comports with prison policy of not storing prisoners' unauthorized property. Therefore, under Jones's allegations, the defendants' destruction of his property after having been provided with these options would have been a random unauthorized act.[2]
 
 
 13
 An unauthorized intentional deprivation of property by a state employee does not violate the procedural requirements of the due process clause if the state provides a meaningful post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984). In North Carolina, prisoners may bring actions for trover and conversion against officials who intentionally deprive them of property without state authorization.[3] Wilkins v. Whitaker, 714 F.2d 416 (4th Cir.1983). Therefore, Jones failed to present a claim for denial of due process, and the defendants' motion for summary judgment on this claim was properly granted.
 
 
 14
 Finally, we affirm the judgment entered pursuant to the jury's verdict on Jones's third claim. The jury's verdict was supported by substantial evidence, and Jones's arguments on appeal that the district court committed numerous prejudicial errors are without merit.
 
 
 15
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED
 
 
 [1]
 The named defendants are all officials at Central Prison, and the district court found that Caledonia officials were the proper parties in claim seven
 
 
 [2]
 It does not matter that the defendants dispute Jones's contentions; these issues would be resolved in any post-deprivation proceeding
 
 
 [3]
 Jones claims on appeal that North Carolina does not provide a meaningful postdeprivation remedy because his state court action was dismissed without being filed. It appears from the state court order that Jones may be able to refile his complaint, and he can certainly appeal the dismissal to a higher state court. Therefore, Jones fails to show that a meaningful postdeprivation remedy is not available