John Lee COOK

v.

James A. COLLINS, et al.

No. MO–93–CA–078.

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Aug. 30, 1993.

John Lee Cook, pro se.

Jeffrey K. Sands, Asst. Atty. Gen., State of TX, Austin, TX, for respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

BUNTON, Senior District Judge.

BEFORE THIS COURT is the Report and Recommendation, filed July 22, 1993, by Magistrate Judge Louis Guirola, Jr. in the above-captioned cause. Magistrate Judge Guirola recommends:

(1) That the plaintiff JOHN LEE COOK'S three (3) motions for Summary Judgment filed May 13, 1993, June 1, 1993 and June 14, 1993 be DENIED.

(2) That the Defendant, TEXAS DE-PARTMENT OF CRIMINAL JUSTICE'S Motion to Dismiss Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust State Court remedies be GRANTED and the writ be DENIED.

(3) That the Plaintiff, JOHN LEE COOK'S claims pursuant to 42 U.S.C. § 1983 be DISMISSED WITHOUT PREJUDICE and that the statute of limitations as to the subject claims be SUSPENDED until the State Courts finally rule thereon, provided the Plaintiff seeks habeas corpus relief in the state Court within ninety (90) days. Plaintiff filed his objections in a timely manner. However, this Court after reviewing said objections is of the opinion Plaintiff's Objections are without merit. Upon consideration of the Report and Recommendation and the controlling legal authorities, the Court is of the opinion Magistrate Judge Guirola's Report and Recommendation is proper and should be Approved and Adopted. Accordingly,

IT IS ORDERED Magistrate Judge Guirola's Report and Recommendation, filed on

July 22, 1993 in the above-captioned consolidated cause, is hereby APPROVED AND ADOPTED.

IT IS FURTHER ORDERED the above-captioned cause is DISMISSED.

John Lee Cook

v.

Texas Department of Criminal Justice, Transitional Planning Department and Midland County, Texas.

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

GUIROLA, United States Magistrate Judge.

BEFORE THIS COURT is the 42 U.S.C. § 1983 civil rights Complaint of JOHN LEE COOK. COOK'S pleadings appear to be a combination civil rights complaint under § 1983 and a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254.

*FACTS AND PROCEDURAL HISTORY*

COOK filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. In the Court's order granting leave to proceed *in forma pauperis,* COOK was advised that his civil rights complaint appeared to be in the form of a request for habeas corpus relief and would be treated accordingly. Treating COOK'S pleadings as a civil rights complaint, the Defendant, MIDLAND COUNTY, TEXAS filed an answer. Treating COOK'S pleadings as a petition of writ of habeas corpus under 28 U.S.C. § 2254, Defendant, DEPARTMENT OF CRIMINAL JUSTICE filed a motion to dismiss for failure to exhaust state court remedies. On July 15, 1993 COOK filed a response to the motion to dismiss for failure to exhaust state court remedies. In his response COOK insisted that his pleadings were in the nature of a § 1983 civil rights complaint and therefore not subject to the

exhaustion requirement. He also asserted that he had not requested nor had he sought habeas corpus relief under § 2254.[1]

The gravamen of COOK'S complaint centers around a parole eligibility hearing which ultimately ended in a denial of his parole. During COOK'S parole hearing the parole board considered prior criminal convictions which, according to COOK were void. COOK alleges that the state parole board hearing process, which allows the board to consider "void" prior convictions is constitutionally defective in that it violates his right to due process of law. He seeks an injunction to prevent the parole board from considering his "void" prior convictions in his future parole hearings. He also seeks an order from this Court to require the state parole board to reconsider his parole eligibility without using the "void" prior convictions.

DISCUSSION

The plaintiff contends his pleadings constitute a civil rights complaint under § 1983. The defendants would prefer this case be treated as a habeas corpus petition under § 2254. This difference of opinion is not unexpected since many *pro se* complaints resist quick and easy classification as "fish or fowl".

42 U.S.C. § 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Herrera v. Harkins,* 949 F.2d 1096, 1097 (10th Cir.1991); *Johnson v. Pfeiffer,* 821 F.2d 1120, 1123 (5th Cir.1987). In such cases it is not necessary for the plaintiff to exhaust his state court remedies. The plaintiff does not contest the principle codified in 28 U.S.C. § 2254(b).[2] If COOK'S complaint were con-

---

1. "The plaintiff finally alleges that he is not seeking release from confinement, nor for the fact or duration of confinement already served, which could be challenged by writ of habeas corpus, but is merely challenging the constitutionally defective parole procedure, and is asking the District Court for prospective Injunctive relief seeking a reconsideration hearing from the parole board on his eligibility for parole, without the taint of the two void prior uncounseled [sic] convictions." (¶ IV, Plaintiff's Response To Defendants Motion to Dismiss.)

2. 28 U.S.C. § 2254(b) An application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

strued purely as a request for habeas corpus relief pursuant to § 2254, the failure to exhaust state court remedies would mandate denial of the writ. However, while relief under 28 U.S.C. § 2254 requires exhaustion of state remedies, relief under 42 U.S.C. § 1983 does not. In situations where claims for relief do not neatly fit under § 1983 or § 2254, the label placed upon the action by the parties is not the governing factor. The focus of the Court's inquiry should instead be upon the scope of the relief actually sought.

In *Williams v. McCall,* 531 F.2d 1247 (5th Cir.1976) a Georgia inmate sued the board of pardons under 42 U.S.C. § 1983. The prisoner claimed that the board had discriminated against him by failing to provide him with the same face-to-face interview other prisoners had received. The court held that the claim was proper under § 1983 because it challenged the validity of the parole procedure rather than the validity of the decision itself.

In *Alexander v. Ware,* 714 F.2d 416 (5th Cir.1983) the court held that a prisoner challenging a "single defective hearing" affecting the date of his parole eligibility or release must first pursue his claims through habeas corpus regardless of the nature of the relief that he requests. The *Alexander* court drew a distinction between broad-based attacks on general rules and procedures and narrow attacks on the procedure followed in a single hearing.

In the context of the facts of this case the Court finds *Serio v. Members of Louisiana State Board of Pardons,* 821 F.2d 1112 (5th Cir.1987) most instructive. In *Serio* the court held:

> If a prisoner challenges a single hearing as constitutionally defective, he must first exhaust state habeas remedies. While some challenges to a single hearing might, if successful, entitle the prisoner only to a new hearing with proper procedural protection instead of making him eligible for or entitling him to accelerated release, it is difficult to determine from the usual petition not only precisely what relief is sought but also what would be the result of that relief. The bright line rule is, therefore, practical, and the prisoner is not ultimately

prejudiced because he will be entitled to have the merits of his claim reviewed. Moreover, the rule avoids attempts to exploit the distinction between § 1983 and habeas corpus relief. (at pg. 1118)

Additionally, the *Serio* court held:

> Even in some broad-based attacks, resolution of the factual allegations and legal issues necessary to decide the § 1983 claim, in effect, automatically entitle one or more claimants to immediate or earlier release. In that event, deciding the § 1983 claims would reduce any related state habeas corpus action to "an exercise in futility." Hence we make clear a third guideline: Such claims must also be pursued initially through habeas corpus.

COOK challenges both the procedure under which his parole hearing was conducted and the results. He seeks not only injunctive relief from the allegedly defective procedure in the future but a rehearing of his case. This Court is of the opinion that the actual relief sought by this plaintiff is a "mixed bag" under both § 1983 and § 2254.

It is generally improper to dismiss an entire complaint on non-exhaustion grounds merely because the complaint raises both habeas and § 1983 claims. For example in *Greer v. St. Tammany Parish Jail,* 693 F.Supp. 502 (E.D.La.1988) the court held that a prisoner's claims of improper medical attention were wholly independent of the habeas claims making dismissal of the entire complaint improper. In *Serio,* the court cautioned that in situations in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims. However, COOK'S § 1983 and habeas claims are not wholly independent. They are instead inextricably intertwined.

COOK undeniably challenges a single deficient state parole board hearing within the meaning of *Serio* and *Alexander.* He therefore must initially pursue his claims through habeas corpus with its attendant exhaustion requirement.

COOK'S claim for injunctive relief, being, in effect, an attack on the propriety of a single allegedly defective hearing may not be asserted until state habeas corpus remedies have been exhausted. This Court expresses no opinion as to the merits of COOK'S quiescent § 1983 claim or what relief, if any, would be appropriate. However, his claim pursuant to 42 U.S.C. § 1983 should be dismissed without prejudice and with sufficient safeguards within the Court's judgment to insure that a future complaint is not time barred.[3]

## RECOMMENDATIONS

After considering the Motions, the pleadings on file, and the relevant law, the undersigned United States Magistrate Judge makes the following recommendations:

(1) That the Plaintiff JOHN LEE COOK'S three (3) Motions for Summary Judgment filed May 13, 1993, June 1, 1993 and June 14, 1993 be **DENIED.**

(2) That the Defendant, TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S Motion to Dismiss Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 for failure to exhaust state court remedies be **GRANTED** and the writ be **DENIED.**

(3) That the Plaintiff, JOHN LEE COOK'S claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE** and that the statute of limitations as to the subject claims be **SUSPENDED** until the state courts finally rule thereon, provided the plaintiff seeks habeas corpus relief in the state court with ninety (90) days.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[4] Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this report within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.[5]

---

3. *See, Rodriguez v. Holmes,* 963 F.2d 799 (5th Cir.1992). In *Rodriguez* the court suggested that the preferred order is a dismissal of the complaint without prejudice and suspension of the statute of limitations on the subject claims until the date the state courts finally rule thereon, provided the plaintiff seeks state habeas corpus relief on the claims within ninety days.

4. *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982). *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

5. *Nettles,* 677 F.2d at 410.