NUMBER
13-05-588-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

 

 

 

WILLIE
LEE GARNER,                                                                                                      Appellant,

 

                                           v.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICEB 

CORRECTIONAL
INSTITUTIONS DIVISION,                    Appellee.

 

 

 

                  On
appeal from the 156th District Court

                              of
Bee County, Texas.

 

 

 

                     MEMORANDUM
OPINION

 

                 Before
Justices Hinojosa, Rodriguez, and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant, Willie Lee Garner, a prison
inmate, appeals pro se and in forma pauperis from the dismissal
of his claims against the Texas Department of Criminal Justice-Correctional
Institutions Division (TDCJ-CID).  By two
issues, appellant contends that the district court erred by failing to liberally
construe his claims and by dismissing his claims as frivolous under chapter 14
of the Texas Civil Practice and Remedies Code. 
See Tex. Civ. Prac. &
Rem. Code Ann. '' 14.001-.014 (Vernon 2002).  Finding no abuse of discretion, we affirm.

I. 
Background

Appellant was charged with a prison
disciplinary infraction.  After
exhausting his administrative remedies challenging the finding of guilt,
appellant sought judicial review of the decision of the administrative agency or
body to uphold its guilt finding.  At a
hearing on the TDCJ-CID's motion to dismiss, the TDCJ-CID argued that appellant
was trying to attack a conviction that he received as a result of a
disciplinary case, which could only be accomplished through a habeas corpus
proceeding as opposed to a civil lawsuit brought under Title 42 U.S.C., section
1983.  In response, appellant attempted
to explain that the proceeding he initiated was not a lawsuit and that he
utilized the grievance procedure in regards to an appeal and got no
results.  At the conclusion of the
hearing, the district court concluded that because appellant had stated that he
wanted his good time credit back and the disciplinary action taken off his
record, his recourse would be by habeas corpus.








"A pro se litigant is held to
the same standards as licensed attorneys and must comply with applicable laws
and rules of procedure."  Green
v. Kaposta, 152 S.W.3d 839, 841 (Tex. App.BDallas
2005, no pet.) (citing Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 678
(Tex. App.BDallas 2004, no pet.)); see Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184‑85 (Tex. 1978) (providing
that litigants who represent themselves must comply with the applicable
procedural rules, or else they would be given an unfair advantage over
litigants represented by counsel); cf. Minix v. Gonzales, 162
S.W.3d 635, 637 (Tex. App.BHouston [14th Dist.] 2005, no pet.)
(applying the Haines rule, the court concluded that "[a] pro se
inmate's petition should be viewed with liberality and patience and is not held
to the stringent standards applied to formal pleadings drafted by
attorneys.").  Therefore, "[o]n
appeal, as at trial, the pro se appellant must properly present its
case."  Green, 152 S.W.3d at
841.

In a civil case, this Court will accept as
true the facts stated unless another party contradicts them.  See Tex.
R. App. P. 38.1(f).  TDCJ-CID has
filed no brief in this appeal. 
Therefore, it has not contradicted the facts presented by
appellant.  However, the rules of
appellate procedure require that an appellant's brief contain "a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record."  Id. at rule 38.1(h).  In this case, appellant presents only general
arguments for his contentions made, arguments that are neither clear nor
concise.  Furthermore, appellant has provided
no record cites to support the facts, if any, stated therein.








We have little latitude on appeal and can
neither remedy deficiencies in a litigant's brief nor supply an adequate
record.  Green, 152 S.W.3d at 841
(citing Strange, 126 S.W.3d at 678).  And we have no duty to perform an independent
review of the record and applicable law to determine whether the error
complained of occurred.  See id.  Because appellant failed to adequately brief
his issues on appeal, he has presented nothing for our review.  See id.; Tex. R. App. P. 38.1(h).

Moreover, although appellant alleges that
he has an inherent right of appeal from the action of an administrative agency
and that he is not seeking review of the disciplinary findings but rather of
the decision that deprived him of due process by not providing an adequate
administrative process, he is, in essence, seeking relief from a disciplinary
finding which is a challenge to the fact and duration of his custody.

If a prisoner challenges a "single
allegedly defective hearing," he attacks, in essence, the fact and
duration of his custody.  Whatever the
nature of the relief he seeks for an isolated violation, the prisoner must
resort to habeas corpus and exhaust state remedies.  On the other hand, we have suggested that
"a broad due process challenge" to a prison disciplinary system would
represent a challenge to conditions of confinement, for which a civil rights
remedy would be available.

 








Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983)
(citations omitted).  It is well settled
that if an inmate wishes to challenge a disciplinary conviction or punishment
that he receives while he is incarcerated, as in this case, he must file a
habeas corpus action in federal court.  See
id.; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)
(holding that the sole remedy in federal court for a prisoner seeking
restoration of good-time credits is a writ of habeas corpus); Ex parte
Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc) (concluding
state courts will not entertain state habeas actions challenging violations of
prison disciplinary procedures).  We,
therefore, conclude appellant did not file his claim in the correct court, and
thus the claim has no arguable basis in law. 
See Tex. Civ. Prac. &
Rem. Code Ann. ' 14.003(b)(2) (Vernon 2002).  Since there is no viable claim, we conclude
the trial court did not abuse its discretion when it dismissed appellant's
claim.  See id. ' 14.003(b).

We overrule appellant's issues on appeal.

IV. 
Conclusion

The judgment of the trial court is
affirmed.

 

 

NELDA V. RODRIGUEZ

Justice

 

Memorandum
Opinion delivered and

filed
this 27th day of July, 2006.