NUMBER 13-05-637-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ZACHARY TYLER SMITH, Appellant,


v.


TDCJ-CID, Appellee.

 


On appeal from the 36th District Court of Bee County, Texas


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 Appellant, Zachary Tyler Smith, proceeding pro se and in forma pauperis, filed a
lawsuit against the Texas Department of Criminal Justice-Correctional Institutional Division
(the "Department") complaining of the outcome of a disciplinary proceeding that resulted
from a routine cell search. By one issue, appellant contends the trial court erred in granting
the Department's plea to the jurisdiction. Finding no abuse of discretion, we affirm. (1)

I. Background 

 Appellant was charged with a prison disciplinary action. (2) After exhausting his
administrative remedies challenging the finding of guilt, appellant sought judicial review of
the decision of the administrative agency or body to uphold its guilt finding. See Tex.
Gov't Code Ann. § 501.008 (Vernon 2003). At the hearing on the Department's plea to
the jurisdiction, the Department argued that appellant was trying to attack a conviction that
he received as a result of a disciplinary case, which could only be accomplished through
a habeas corpus proceeding as opposed to a civil lawsuit brought under Title 42 U.S.C.,
section 1983. (3) In response, appellant attempted to explain that the proceeding he initiated
was not a lawsuit under section 1983 and that he utilized the grievance procedure in
regards to an appeal and got no results. At the conclusion of the hearing, the trial court
concluded that because appellant stated he disagreed with the Department's interpretation
of "possession" and he wanted the disciplinary action taken off his record because it would
affect his ability to ask for his "line time status as a privilege," appellant's recourse would
be by habeas corpus. 

 Although appellant alleges that he has an inherent right of appeal from the action
of an administrative agency, he is, in fact, seeking relief from a disciplinary finding which
is a challenge to the fact and duration of his custody. (4) 

If a prisoner challenges a "single allegedly defective hearing," he attacks, in
essence, the fact and duration of his custody. Whatever the nature of the
relief he seeks for an isolated violation, the prisoner must resort to habeas
corpus and exhaust state remedies. On the other hand, we have suggested
that "a broad due process challenge" to a prison disciplinary system would
represent a challenge to conditions of confinement, for which a civil rights
remedy would be available. 


Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983) (citations omitted). It is well settled
that if an inmate wishes to challenge a disciplinary conviction or punishment that he
receives while he is incarcerated, as in this case, he must file a habeas corpus action in
federal court. See id.; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding
that the sole remedy in federal court for a prisoner seeking restoration of good-time credit
is a writ of habeas corpus); Ex parte Brager, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en
banc) (concluding state courts will not entertain state habeas actions challenging violations
of prison disciplinary procedures). We, therefore, conclude appellant did not file his claim
in the correct court, and thus the claim has no arguable basis in law. See Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(b)(2) (Vernon 2002). (5) Since there is no viable claim, we
conclude the trial court did not abuse its discretion when it dismissed appellant's claim. 
See id. § 14.003(b). Accordingly, we overrule appellant's issue on appeal.

 The judgment of the trial court is affirmed. 



 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Memorandum Opinion delivered and 

 filed this the 17th_day of August, 2006. 
1. See Jackson v. Tex. Dep't of Crim. Justice-Inst. Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus
Christi 2000, pet. denied) (providing that the proper standard of review for the dismissal of a frivolous claim
pursuant to chapter fourteen is an abuse of discretion). 
2. As a result of the disciplinary action, appellant received a reprimand which caused him to lose his
phone privileges for ninety days and his right to participate in craft shop for six months. Appellant's loss of
privileges occurred in 2004. 
3. In addition, the Department argued that appellant could not bring a suit against it under Title 42
U.S.C., section 1983 because it is not a "person" as contemplated by section 1983. See Retzlaff v. Tex. Dep't
of Crim. Justice, 135 S.W.3d 731, 744 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (citing Denson v.
T.D.C.J.-I.D., 63 S.W.3d 454, 461 (Tex. App.-Tyler 1999, pet. denied) (stating the Department is not a
"person" who can be sued under section 1983)). Given the disposition of this appeal, we need not address
this argument. See Tex. R. App. P. 47.1. 
4. Appellant's petition states "[t]he Agents [sic] [of the Department] decision is contrary to applicable
law, as a result the Petitioner's constitutional right's have been adversely affected" and "[t]he Agents [sic] [of
the Department] final decision on what constitutes possession is wrong." 
5. We note that appellant argues that his claims do not implicate due process concerns and thus
cannot be raised inappropriately by way of habeas corpus. He states that a loss of non-custodial privileges,
such as commissary, does not implicate due process concerns. While loss of phone use and art privileges
are arguably not a protected interest that raise due process concerns, appellant is really challenging the
hearing through which he was found guilty, and thus he must file a habeas corpus action in federal court. See
Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983) (citations omitted).