

## NUMBER 13-05-00328-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**KIRK WAYNE MCBRIDE, SR.,** **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
CORRECTIONAL INSTITUTIONAL DIVISION,** **Appellee.**

**On appeal from the 36th District Court of Bee County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

Appellant, Kirk Wayne McBride, Sr., proceeding *pro se* and *in forma pauperis*, filed a lawsuit against the Texas Department of Criminal Justice–Correctional Institutional Division (the "Department") complaining of the outcome of a disciplinary proceeding that resulted from a routine cell search. By two issues, appellant contends the trial court erred in dismissing his claims as frivolous under chapter 14 of the Texas Civil Practice and

Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN §§ 14.001-.014 (Vernon 2002).

Finding no abuse of discretion, we affirm.[1]

## I.  BACKGROUND

Appellant was charged with a prison disciplinary action.[2]  After exhausting his administrative remedies challenging the finding of guilt, appellant sought judicial review of the decision of the administrative agency or body to uphold its guilt finding.  *See* TEX. GOV'T. CODE ANN. § 501.008 (Vernon 2003).  At the hearing on the Department's motion to suppress, the Department argued that appellant was trying to attack a conviction that he received as a result of a disciplinary case, which could only be accomplished through a habeas corpus proceeding as opposed to a civil lawsuit brought under Title 42 U.S.C., section 1983.[3]  In response, appellant attempted to explain that the proceeding he initiated was not a lawsuit under section 1983 and that he utilized the grievance procedure in regards to an appeal and got no favorable results.  At the conclusion of the hearing, the district court concluded that because appellant had stated that he wanted his good-time credit back and the disciplinary action taken off his record, his proper recourse was to file a petition for habeas corpus.

---

[1] *See Jackson v. Tex. Dep't of Crim. Justice-Inst. Div.,* 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied) (providing that the proper standard of review for the dismissal of a frivolous claim pursuant to chapter fourteen is abuse of discretion).

[2] As a result of the disciplinary action, appellant received a reprimand which caused him to lose thirty days of good-conduct time.

[3] In addition, the Department argued that appellant could not bring a suit against it under Title 42 U.S.C., section 1983 because it is not a "person" as contemplated by section 1983.  *See Retzlaff v. Tex. Dep't of Crim. Justice*, 135 S.W.3d 731, 744 (Tex. App–Houston [1st Dist.] 2003, no pet.) (citing *Denson v. T.D.C.J.-I.D.*, 63 S.W.3d 454, 461 (Tex. App.–Tyler 1999, pet. denied) (stating the Department is not a "person" who can be sued under section 1983)).  Given the disposition of this appeal, we need not address this argument. *See* TEX. R. APP. P. 47.1.

## II. DISCUSSION

Although appellant alleges that he has an inherent right of appeal from the action of an administrative agency, he is, in fact, seeking relief from a disciplinary finding which is a challenge to the fact and duration of his custody.[4]

> If a prisoner challenges a "single allegedly defective hearing," he attacks, in essence, the fact and duration of his custody. Whatever the nature of the relief he seeks for an isolated violation, the prisoner must resort to habeas corpus and exhaust state remedies. On the other hand, we have suggested that "a broad due process challenge" to a prison disciplinary system would represent a challenge to conditions of confinement, for which, a civil rights remedy would be available.

*Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). It is well-settled that if an inmate wishes to challenge a disciplinary conviction or punishment received while incarcerated, as in this case, he must file a habeas corpus action in federal court. *See id.*; *see also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (holding that the sole remedy in federal court for a prisoner seeking restoration of good-time credit is a writ of habeas corpus); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc) (concluding state courts will not entertain state habeas actions challenging violations of prison disciplinary procedures). We, therefore, conclude appellant did not file his claim in the correct court, and thus the claim has no arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2) (Vernon 2002). Since there is no viable claim, we conclude the trial court did not abuse its discretion when it dismissed appellant's claim. *See id.* § 14.003(b).

We overrule appellant's issues on appeal.

---

[4] Appellant's petition states, "[t]he finding of guilt was not supported by substantial evidence or facts which would allow the agency's decision to stand, that the Petitioner possessed an alcoholic beverage because there was no expert testimony or tests conducted that can conclude [sic] an inference that the Petitioner possessed an alcoholic beverage."

## III. CONCLUSION

The judgment of the trial court is affirmed.


        */s/ ROGELIO VALDEZ*
        ROGELIO VALDEZ,
        Chief Justice


Memorandum Opinion delivered and filed
this the 13th day of March, 2008.