NUMBER 13-10-00593-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

MICHAEL ANTHONY EVANS,                                                
Appellant,

 

v.

 

ADRIENNE HERNANDEZ
AND MICHAEL JACKSON,      Appellees.

                                                                                                                     
  

 

On appeal from the 135th
District Court 

of DeWitt County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides 

Memorandum Opinion by
Justice Rodriguez

 

Appellant Michael Anthony Evans, an
inmate currently housed in the Stevenson Unit of the Texas Department of
Criminal Justice–Institutional Division (TDCJ-ID), brought this pro se appeal
complaining that the trial court abused its discretion in dismissing his case
against appellees Andrienne Hernandez and Michael Jackson, who are TDCJ-ID
employees.  By two issues, Evans contends that the trial court abused its
discretion (1) when it dismissed his retaliation claim and (2) when it failed
to grant his motion for new trial.  We affirm.

I.          Background

It is undisputed that Evans exhausted
the TDCJ's administrative grievance process against Hernandez and Jackson and
that his grievances, including allegations of "false disciplinary
charge[s], false testimonies[,] and retaliation," were denied.  See
Tex. Gov't Code Ann. § 501.008(a)
(Vernon 2004) (explaining that the administrative grievance process begins with
an informal attempt to resolve the inmate's problem); Tex. Dep't of Criminal Justice, Offender Orientation Handbook
52 (rev. Nov. 2004), available at
http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last
visited Mar. 18, 2010) (setting out that, if the informal attempt is
unsuccessful, a timely step 1 grievance form must be forwarded to the unit
grievance investigator and, if unsatisfied with the step 1 decision, a timely
step 2 form must be submitted to the unit grievance investigator); see also
Evans v. Eldridge, No. 13-08-006334-CV, 2009 Tex. App. LEXIS 6338, at *2
n.1 (Tex. App.–Corpus Christi Aug. 13, 2009, pet. denied) (mem. op.).  Evans
filed a petition for writ of habeas corpus in federal court, challenging the
denial of his grievances and alleging that "his due process rights were
violated during his disciplinary case because there was insufficient evidence
to support the finding that he attempted to establish an inappropriate
relationship with an officer."  See Evans v. Thaler, No. V-10-3,
2010 U.S. Dist. LEXIS 97969, at *1 (S.D. Tex. Sept. 14, 2010).  The federal
court granted the respondent's motion for summary judgment and dismissed
Evans's action, concluding that Evans's claims regarding loss of privileges and
line status failed to state a claim that entitled him to federal habeas relief
and that his loss of good conduct time credit did not affect the duration of
his sentence and did not trigger due process protections.  Id. at *5-8.

Subsequently, Evans, proceeding pro se
and in forma pauperis, filed his original petition against appellees in the present
case.  Citing sections 1983 and 1985 of the United States Code, Evans alleged
that appellees violated "his rights under the First, Eighth[,] and
Fourteenth Amendment[s] of the United States Constitution for the exercising of
his right of access to courts, and for causing [him] intentional infliction of
emotional distress."  See 42 U.S.C. §§ 1983, 1985(3) (2006).  Evans
further claimed "that he was deprived of federal right[s], privilege[s,]
and immunity that are secured by the constitution and law, by the defendants
while acting under color of state law."  The petition specifically alleged
that Hernandez and Jackson conspired to file false disciplinary charges against
him in retaliation for prior legal actions taken by Evans against Jackson and
other TDCJ officers.  The petition further alleged that Hernandez and Jackson
testified falsely at his disciplinary hearing.

On March 10, 2010, Hernandez and Jackson
filed an answer generally denying Evans's allegations and asserting affirmative
defenses and their entitlement to immunity.  On July 26, 2010, Hernandez and
Jackson filed a Chapter 14 motion to dismiss Evans's suit as frivolous.  See
Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2) (Vernon 2002).  The motion specifically alleged that Evans's claim
had no arguable basis in law or fact because he did not file his claim in the
correct court.  On July 29, 2010, finding that the Chapter 14 motion to dismiss
had merit and that Evans's claims had no arguable basis in law or fact pursuant
to section 14.003 of the civil practices and remedies code, the trial court
dismissed Evans's claims as frivolous and with prejudice.  Evans's motion for
new trial, filed on August 25, 2010, was overruled by operation of law.  This
appeal followed.

II.         Discussion

A.        Applicable Law and Standard of Review

Chapter 14 of the Texas Civil Practice
and Remedies Code applies to all suits, such as this one, filed by inmates who
declare themselves unable to pay costs.  Id. § 14.002(a) (Vernon 2002). 
Section 14.003 authorizes a trial court to dismiss any claim in such a suit
where the court finds that the claim is frivolous.  Id. § 14.003(a)(2). 
The statute states that, in determining whether a claim is frivolous, the trial
court may consider, among other things, whether the claim has no arguable basis
in law or in fact.  Id. § 14.003(b).

When a trial court dismisses an inmate's
suit as frivolous, we review that ruling under an abuse of discretion
standard.  Jackson v. Tex. Dep't of Criminal Justice-Inst. Div., 28
S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied).  To establish an
abuse of discretion, Evans must show that the trial court's action was
arbitrary or unreasonable in light of all the circumstances in the case, or
that the trial court acted without reference to any guiding rules and
principles.  Lewis v. Johnson, 97 S.W.3d 885, 887 (Tex. App.–Corpus
Christi 2003, no pet.); see Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985); see also Eldridge, 2009 Tex. App. LEXIS
6338, at *2-9.

Moreover, it is well settled that if an
inmate wishes to challenge a disciplinary conviction or punishment that he
receives while he is incarcerated, as in this case, he must file a habeas
corpus action in federal court.  See Preiser v. Rodriguez, 411 U.S. 475,
500 (1973) (holding that the sole remedy in federal court for a prisoner
seeking restoration of good-time credits is a writ of habeas corpus); Alexander
v. Ware, 714 F.2d 416, 419 (5th Cir. 1983); Ex parte Brager, 704
S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc) (concluding that Texas state
courts will not entertain habeas actions challenging violations of prison
disciplinary procedures); see also Eldridge, 2009 Tex. App. LEXIS
6338, at *2-9.  That is because a federal habeas corpus petition is the exclusive
remedy available to a claimant where the relief requested would "undermine
the validity of a state conviction."  Alexander, 714 F.2d at 419
(citing Richardson v. Fleming, 651 F.2d 366, 373 (5th Cir. 1981)).  This
reasoning extends to appeals where the requested relief would undermine the
validity of a prison disciplinary ruling.  See id.  

If
a prisoner challenges a "single allegedly defective hearing," he
attacks, in essence, the fact and duration of his custody.  Whatever the nature
of the relief he seeks for an isolated violation, the prisoner must resort to
habeas corpus and exhaust state remedies.  On the other hand, we have suggested
that "a broad due process challenge" to a prison disciplinary system
would represent a challenge to conditions of confinement, for which a civil
rights remedy would be available.

 

Id. (citations omitted).

B.        Analysis

By his first issue, Evans contends that
the "filing of the disciplinary charge against him is actionable under
section 1983 because it was done in retaliation for him filing and having a
lawsuit against Jackson and other TDCJ's officers and officials," and
"[a]s such, the State trial court has jursidictioni [sic] to entertain
[his section] 1983 suit."  Evans claims that he does not understand the
premise of appellees' motion to dismiss because "[t]here is nothing
mentioned in the original petition that may suggest that this cause of action
is challenging the disciplinary conviction."  Evans asserts "[t]o the
contrary, this matter involves a false disciplinary charge filed in retaliation
because of a protected conduct," and "[b]ecause [he] had invoked the
trial court's jurisdiction based on the alleged 1st and 8th Amendment
violations, this cause of action has been correctly filed in the trial
court."  In light of our decision in Eldridge, however, we are not
persuaded by Evans's argument.  See 2009 Tex. App. LEXIS 6338, at *7-9.

Evans's allegations stem from a single,
allegedly defective disciplinary hearing where Evans claims Hernandez and
Jackson testified falsely as part of their conspiracy to file false
disciplinary charges against him in retaliation for prior legal actions taken against
TDCJ officers, including Jackson.  See Alexander, 714 F.2d at 419. 
Evans does not make a "broad due process challenge" to a prison
disciplinary system that represents a challenge to conditions of confinement,
for which a civil rights remedy would be available.  See id.  Rather,
Evans contends that he was deprived of a fair hearing in this particular,
isolated violation, for which habeas corpus relief is available.  See id. 
We therefore conclude, as we did in Eldridge, that, under the doctrines
set forth in Preiser and Alexander, Evans's civil rights claims
in this case are not cognizable under sections 1983 or 1985 of the United
States Code.  See id.; Preiser, 411 U.S. at 500; see also
Eldridge, 2009 Tex. App. LEXIS 6338, at *8-9.

 

Because Evans's suit had no arguable
basis in law or fact, the trial court was within its discretion to dismiss the
suit as frivolous under section 14.003(b) of the civil practice and remedies
code.  See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a)(2); Jackson, 28 S.W.3d at 813.  We
overrule Evans's first issue.  Furthermore, because an appellate court also
reviews a trial court's ruling on a motion for new trial using an
abuse-of-discretion standard of review, see In re R.R., 209 S.W.3d 112,
114 (Tex. 2006) (per curiam), under the same analysis, we overrule Evans's
second issue wherein he contends that the trial court abused its discretion
when it failed to grant his motion for new trial.

III. 
Conclusion

The judgment of the trial court is
affirmed.

 

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

24th
day of March, 2011.