

## NUMBER 13-10-00593-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MICHAEL ANTHONY EVANS,**                         **Appellant,**

**v.**

**ADRIENNE HERNANDEZ AND MICHAEL JACKSON,**      **Appellees.**

### On appeal from the 135th District Court of DeWitt County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Michael Anthony Evans, an inmate currently housed in the Stevenson Unit of the Texas Department of Criminal Justice–Institutional Division (TDCJ-ID), brought this pro se appeal complaining that the trial court abused its discretion in dismissing his case against appellees Andrienne Hernandez and Michael Jackson, who

are TDCJ-ID employees. By two issues, Evans contends that the trial court abused its discretion (1) when it dismissed his retaliation claim and (2) when it failed to grant his motion for new trial. We affirm.

## I. BACKGROUND

It is undisputed that Evans exhausted the TDCJ's administrative grievance process against Hernandez and Jackson and that his grievances, including allegations of "false disciplinary charge[s], false testimonies[,] and retaliation," were denied. *See* TEX. GOV'T CODE ANN. § 501.008(a) (Vernon 2004) (explaining that the administrative grievance process begins with an informal attempt to resolve the inmate's problem); TEX. DEP'T OF CRIMINAL JUSTICE, OFFENDER ORIENTATION HANDBOOK 52 (rev. Nov. 2004), *available at* http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf (last visited Mar. 18, 2010) (setting out that, if the informal attempt is unsuccessful, a timely step 1 grievance form must be forwarded to the unit grievance investigator and, if unsatisfied with the step 1 decision, a timely step 2 form must be submitted to the unit grievance investigator); *see also Evans v. Eldridge*, No. 13-08-006334-CV, 2009 Tex. App. LEXIS 6338, at *2 n.1 (Tex. App.–Corpus Christi Aug. 13, 2009, pet. denied) (mem. op.). Evans filed a petition for writ of habeas corpus in federal court, challenging the denial of his grievances and alleging that "his due process rights were violated during his disciplinary case because there was insufficient evidence to support the finding that he attempted to establish an inappropriate relationship with an officer." *See Evans v. Thaler*, No. V-10-3, 2010 U.S. Dist. LEXIS 97969, at *1 (S.D. Tex. Sept. 14, 2010). The federal court granted the respondent's motion for summary judgment and dismissed

Evans's action, concluding that Evans's claims regarding loss of privileges and line status failed to state a claim that entitled him to federal habeas relief and that his loss of good conduct time credit did not affect the duration of his sentence and did not trigger due process protections. *Id.* at *5-8.

Subsequently, Evans, proceeding pro se and in forma pauperis, filed his original petition against appellees in the present case. Citing sections 1983 and 1985 of the United States Code, Evans alleged that appellees violated "his rights under the First, Eighth[,] and Fourteenth Amendment[s] of the United States Constitution for the exercising of his right of access to courts, and for causing [him] intentional infliction of emotional distress." *See* 42 U.S.C. §§ 1983, 1985(3) (2006). Evans further claimed "that he was deprived of federal right[s], privilege[s,] and immunity that are secured by the constitution and law, by the defendants while acting under color of state law." The petition specifically alleged that Hernandez and Jackson conspired to file false disciplinary charges against him in retaliation for prior legal actions taken by Evans against Jackson and other TDCJ officers. The petition further alleged that Hernandez and Jackson testified falsely at his disciplinary hearing.

On March 10, 2010, Hernandez and Jackson filed an answer generally denying Evans's allegations and asserting affirmative defenses and their entitlement to immunity. On July 26, 2010, Hernandez and Jackson filed a Chapter 14 motion to dismiss Evans's suit as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). The motion specifically alleged that Evans's claim had no arguable basis in law or fact because he did not file his claim in the correct court. On July 29, 2010, finding that the

Chapter 14 motion to dismiss had merit and that Evans's claims had no arguable basis in law or fact pursuant to section 14.003 of the civil practices and remedies code, the trial court dismissed Evans's claims as frivolous and with prejudice. Evans's motion for new trial, filed on August 25, 2010, was overruled by operation of law. This appeal followed.

## II. DISCUSSION

### A. APPLICABLE LAW AND STANDARD OF REVIEW

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by inmates who declare themselves unable to pay costs. *Id.* § 14.002(a) (Vernon 2002). Section 14.003 authorizes a trial court to dismiss any claim in such a suit where the court finds that the claim is frivolous. *Id.* § 14.003(a)(2). The statute states that, in determining whether a claim is frivolous, the trial court may consider, among other things, whether the claim has no arguable basis in law or in fact. *Id.* § 14.003(b).

When a trial court dismisses an inmate's suit as frivolous, we review that ruling under an abuse of discretion standard. *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.–Corpus Christi 2000, pet. denied). To establish an abuse of discretion, Evans must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case, or that the trial court acted without reference to any guiding rules and principles. *Lewis v. Johnson*, 97 S.W.3d 885, 887 (Tex. App.–Corpus Christi 2003, no pet.); *see Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *see also Eldridge*, 2009 Tex. App. LEXIS 6338, at *2-9.

4

Moreover, it is well settled that if an inmate wishes to challenge a disciplinary conviction or punishment that he receives while he is incarcerated, as in this case, he must file a habeas corpus action in federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (en banc) (concluding that Texas state courts will not entertain habeas actions challenging violations of prison disciplinary procedures); *see also Eldridge*, 2009 Tex. App. LEXIS 6338, at *2-9. That is because a federal habeas corpus petition is the exclusive remedy available to a claimant where the relief requested would "undermine the validity of a state conviction." *Alexander*, 714 F.2d at 419 (citing *Richardson v. Fleming*, 651 F.2d 366, 373 (5th Cir. 1981)). This reasoning extends to appeals where the requested relief would undermine the validity of a prison disciplinary ruling. *See id.*

> If a prisoner challenges a "single allegedly defective hearing," he attacks, in essence, the fact and duration of his custody. Whatever the nature of the relief he seeks for an isolated violation, the prisoner must resort to habeas corpus and exhaust state remedies. On the other hand, we have suggested that "a broad due process challenge" to a prison disciplinary system would represent a challenge to conditions of confinement, for which a civil rights remedy would be available.

*Id.* (citations omitted).

## B. ANALYSIS

By his first issue, Evans contends that the "filing of the disciplinary charge against him is actionable under section 1983 because it was done in retaliation for him filing and having a lawsuit against Jackson and other TDCJ's officers and officials," and "[a]s such,

the State trial court has jursidictioni [sic] to entertain [his section] 1983 suit." Evans claims that he does not understand the premise of appellees' motion to dismiss because "[t]here is nothing mentioned in the original petition that may suggest that this cause of action is challenging the disciplinary conviction." Evans asserts "[t]o the contrary, this matter involves a false disciplinary charge filed in retaliation because of a protected conduct," and "[b]ecause [he] had invoked the trial court's jurisdiction based on the alleged 1st and 8th Amendment violations, this cause of action has been correctly filed in the trial court." In light of our decision in *Eldridge*, however, we are not persuaded by Evans's argument. *See* 2009 Tex. App. LEXIS 6338, at *7-9.

Evans's allegations stem from a single, allegedly defective disciplinary hearing where Evans claims Hernandez and Jackson testified falsely as part of their conspiracy to file false disciplinary charges against him in retaliation for prior legal actions taken against TDCJ officers, including Jackson. *See Alexander*, 714 F.2d at 419. Evans does not make a "broad due process challenge" to a prison disciplinary system that represents a challenge to conditions of confinement, for which a civil rights remedy would be available. *See id.* Rather, Evans contends that he was deprived of a fair hearing in this particular, isolated violation, for which habeas corpus relief is available. *See id.* We therefore conclude, as we did in *Eldridge*, that, under the doctrines set forth in *Preiser* and *Alexander*, Evans's civil rights claims in this case are not cognizable under sections 1983 or 1985 of the United States Code. *See id.*; *Preiser*, 411 U.S. at 500; *see also Eldridge,* 2009 Tex. App. LEXIS 6338, at *8-9.

6

Because Evans's suit had no arguable basis in law or fact, the trial court was within its discretion to dismiss the suit as frivolous under section 14.003(b) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Jackson*, 28 S.W.3d at 813. We overrule Evans's first issue. Furthermore, because an appellate court also reviews a trial court's ruling on a motion for new trial using an abuse-of-discretion standard of review, *see In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam), under the same analysis, we overrule Evans's second issue wherein he contends that the trial court abused its discretion when it failed to grant his motion for new trial.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
24th day of March, 2011.

7