# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2011

Lyle W. Cayce
Clerk

No. 10-30877
Summary Calendar

PRENTICE ROBINSON,

Plaintiff-Appellant

V.

N. BURL CAIN, Warden of the Louisiana State Penitentiary; LARRY CLARK, Chairman of the Louisiana Board of Pardons; EUGENE "POP" HATAWAY, Member, Louisiana Board of Pardons; CLEMENT LAFLEUR, Member, Louisiana Board of Pardons; KENNETH A. JONES, Member, Louisiana Board of Pardons; HENRY W. TANK POWELL; BOBBY JINDAL, Governor, State of Louisiana; JAMES M. LEBLANC, Secretary of the Louisiana Department of Public Safety and Corrections,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-718

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prentice Robinson, Louisiana prisoner # 75065, moves for leave to proceed in forma pauperis (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal is not taken in good faith. By moving to proceed IFP, Robinson challenges the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Because the merits of Robinson's appeal are "inextricably intertwined" with the district court's certification that the appeal was not taken in good faith, we must determine both issues. Id.

Robinson alleged that the defendant state governor and members of the Louisiana Board of Pardons—Governor Bobby Jindal, Larry Clark, Eugene Hathaway, Kenneth A. Jones, Henry Powell, and Clement LaFleur, Jr.—should be enjoined from using changes in Louisiana's pardon process instituted after his 1972 conviction for aggravated rape and his 1973 sentence for attempted simple rape because the changes "effectively alter or extend [his] prison terms" in violation of ex post facto provisions contained in the United States Constitution and the Louisiana constitution. Those defendants then moved for summary judgment, alleging that Robinson's complaint was time barred by the Louisiana liberative prescription of one year applicable to delictual actions. Robinson argued, inter alia, that his complaint was timely under the doctrine of contra non valentem. He reasoned that the doctrine applied because he was unable to bring a § 1983 challenge to Louisiana's pardon procedures until the Supreme Court issued its opinion in Wilkinson v. Dotson, 544 U.S. 74 (2005) (holding that the claims of two state prisoners challenging the validity of state procedures for determining parole eligibility were properly brought under § 1983 and did not have to be brought in a habeas proceeding). The district court granted summary judgment in favor of the movants, and it also dismissed the claims against Cain and LeBlanc as frivolous.

Robinson does not dispute (1) the district court's finding that he had actual or constructive knowledge as early as 1977 that the 1974 constitutional changes had been applied to his sentence or (2) the district court's finding that he knew

or should have known that laws, policies, and practices concerning sentence commutation that had been enacted or adopted between 1992 and 1994 had been applied retroactively to his sentence in 1994 when he sought to have it commuted. Instead, he reiterates his contention that the doctrine of contra non valentum applies to save his claims from a time-bar dismissal.

Robinson's reliance on Wilkinson, 544 U.S. 74, is misplaced. We have long adhered to the rule that Wilkinson later stated for all federal courts. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (holding that § 1983 was the proper vehicle for a prisoner's challenge, on due process and ex post facto grounds, to parole procedures that, were the challenge successful, "would not automatically entitle [him] to accelerated release"); see also Serio v. Members, Louisiana State Board of Pardons, 821 F.2d 1112, 1118 (5th Cir. 1987). Thus, Robinson has failed to show that prescription had not run on his claims when he filed his § 1983 action in 2006. See Terrebonne v. Mobil Oil Corp., 310 F.3d 870, 877 (5th Cir. 2002).

Additionally, a failure to reach a result desired by a prisoner-grievant is not a deprivation of due process. Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). Also, the failure to allege wrongdoing by LeBlanc left no arguable legal or factual basis for holding him liable. See § 1915(e)(2)(B)(i). Accordingly, the district court did not abuse its discretion in dismissing these claims as frivolous. See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

Robinson has not shown that his appeal is taken in good faith, i.e., that it presents a nonfrivolous issue. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). A nonfrivolous issue is one that does not "lack an arguable basis in law or fact." Taylor v. Johnson, 257 F.3d 470, 472 (5th Cir. 2001). Accordingly, we must deny Robinson's IFP motion, see Carson, 689 F.2d at 586, and dismiss this appeal. See 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Robinson is cautioned that if he accumulates three strikes under § 1915(g) he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.